PEOPLE v GORNEY

Docket Nos. 78-641, 78-642. Submitted November 7, 1979, at Lansing.
—Decided August 11, 1980. Leave to appeal applied for.

Robert P. Gorney was convicted on his pleas of guilty in Bay
Circuit Court, John X. Theiler, J., to one count of criminal
sexual conduct in the first degree and one count of criminal
sexual conduct in the second degree. The count charging defen-
dant with criminal sexual conduct in the first degree alleged
sexual penetration by the defendant of his 15-year-old step-
daughter. The count charging defendant with criminal sexual
conduct in the second degree alleged that defendant forcibly
engaged in sexual contact with another stepdaughter causing
personal injury to her. With respect to the factual basis as to
the second count, the only reference made by the defendant at
his plea relative to any personal injury to the victim was that
she was upset. Defendant appeals. *Held:*

1. A review of the transcript of the guilty plea hearing
establishes that, with respect to the count charging criminal
sexual conduct in the first degree, there was a sufficient factual
basis established to support a conviction on that charge and the
court complied with the mandate of the court rules in accepting
the guilty plea to that charge.

2. Criminal sexual conduct in the fourth degree, a misde-
meanor, is a necessarily included offense of the felony of
criminal sexual conduct in the second degree, since the only
difference between the two offenses is that the added element of
personal injury must be established to support a conviction for
the felony rather than the misdemeanor.

3. Proof that the victim of criminal sexual contact was
"upset" by that experience is not sufficient to establish the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 6] 65 Am Jur 2d, Rape § 2 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 293, 300.
[4, 5] 73 Am Jur 2d, Statutes §§ 145, 146.
[5] 16 Am Jur 2d, Constitutional Law §§ 223, 225.
    73 Am Jur 2d, Statutes §§ 213-216.
[6] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 7.
[7] 21 Am Jur 2d, Criminal Law § 498.

element of mental anguish as that term is used in the defini-
tion of personal injury contained in the criminal sexual conduct
act. If being "upset" is sufficient to constitute mental anguish
and therefore a personal injury within the meaning of the
criminal sexual conduct act, the distinction between criminal
sexual conduct in the second degree and criminal sexual con-
duct in the fourth degree would be obliterated, since it must be
assumed that any victim of criminal sexual conduct of any
degree would be "upset" by the experience.

4. Criminal statutes are strictly construed so that doubtful
conduct is deemed not to be criminal. Such strict construction
arises out of the idea that there should be notice of prohibited
acts, the belief that courts should exercise judicial restraint so
as to avoid judicial interference with what is thought to be
properly a legislative function, and the desire to avoid arbitrary
and discriminatory applications of otherwise vague legislative
pronouncements.

5. Statutes should be construed so as to give effect to the
statute rather than nullify it. Statutes are to be construed in
light of the purpose sought to be accomplished.

6. The term "mental anguish" as used in the definition of
personal injury in the criminal sexual conduct act must be
construed to mean "extreme or serious mental anguish" in
order to avoid finding the statutory definition of criminal
sexual conduct in the second degree to be constitutionally
vague. Such a judicial construction of that term may be
reached, notwithstanding the fact that the Legislature declined
to so limit the definition of "mental anguish", by an application
of either the doctrine of *ejusdem generis* or the maxim of
*noscitur a sociis.*

7. For the purpose of the statute defining criminal sexual
conduct in the second degree, extreme mental anguish may be
established by proof that the mental anguish resulted in a need
by the victim for psychiatric care or proof that such mental
anguish interfered with the victim's ability to conduct a normal
life.

8. Where, as here, a defendant is unable to give any sufficient
factual basis to support a plea of guilty to criminal sexual
conduct in the second degree because of a lack of knowledge as
to any resulting personal injury to the victim arising out of the
criminal sexual conduct, a plea of nolo contendere is an appro-
priate means by which to secure the conviction. In a plea of
nolo contendere, the trial judge may establish the element of

personal injury by reference to any preliminary examination testimony which will establish that fact.

Defendant's plea of guilty to second-degree criminal sexual conduct is reversed.

Affirmed in part; reversed in part.

1. STATUTES — CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — INCLUDED OFFENSES — SECOND-DEGREE CRIMINAL SEXUAL CONDUCT — FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT.

Criminal sexual conduct in the fourth degree is a necessarily included offense of criminal sexual conduct in the second degree; the only difference between the two offenses is the additional element of personal injury which must be proven in order to establish criminal sexual conduct in the second degree (MCL 750.520c[1], e[1]; MSA 28.788[3][1], [5][1]).

2. WORDS AND PHRASES — MENTAL ANGUISH — CRIMINAL SEXUAL CONDUCT.

Proof that the victim of criminal sexual conduct was "upset" by the experience is not sufficient to establish the element of mental anguish as that term is used in the definition for personal injury contained in the criminal sexual conduct act; if being "upset" constitutes mental anguish within the meaning of the criminal sexual conduct act, the distinction between the felony of criminal sexual conduct in the second degree and the misdemeanor of criminal sexual conduct in the fourth degree would be obliterated, since it must be presumed that any victim of criminal sexual conduct of any degree would be "upset" by the experience.

3. STATUTES — CRIMINAL STATUTES — RULE OF STRICT CONSTRUCTION — REASONS FOR THE RULE OF STRICT CONSTRUCTION.

The rule that criminal statutes are strictly construed by the court, such that doubtful conduct is deemed not to be criminal, arises out of the idea that there should be notice of the prohibited acts, the belief that courts should exercise judicial restraint so as to avoid judicial interference with what is thought to be a legislative function, and the desire to avoid arbitrary and discriminatory applications of otherwise vague legislative pronouncements.

4. STATUTES — STATUTORY CONSTRUCTION — EFFECT — PURPOSE.

Statutes are construed so as to give effect to the statute rather than nullify it and are construed in light of the purpose sought to be accomplished.

5. STATUTES — WORDS AND PHRASES — MENTAL ANGUISH — EXTREME MENTAL ANGUISH — JUDICIAL CONSTRUCTION — CONSTITUTIONAL LAW — VAGUENESS.

The term mental anguish as it is used in the definition of personal injury in the criminal sexual conduct act must be construed to mean extreme or serious mental anguish; such a definition of the term "mental anguish" may be reached by the application of either the doctrine *ejusdem generis* or the maxim of *noscitur a sociis,* nothwithstanding the fact that the Legislature declined to so limit the term, since such judicial construction is necessary to avoid finding the statutory definition of sexual conduct in the second degree to be constitutionally vague (MCL 750.520a[f], c[1][f]; MSA 28.788[1][f], [3][1][f]).

6. CRIMINAL LAW — EVIDENCE — CRIMINAL SEXUAL CONDUCT — EXTREME MENTAL ANGUISH — STATUTES.

Extreme mental anguish, for the purpose of supporting a conviction for criminal sexual conduct in the second degree, may be established by proof that the mental anguish resulted in a need by the victim for psychiatric care or proof that such mental anguish interfered with the victim's ability to conduct a normal life (MCL 750.520a[f], c[1][f]; MSA 28.788[1][f], [3][1][f]).

7. CRIMINAL LAW — PLEA OF NOLO CONTENDERE — PLEA OF GUILTY — CRIMINAL SEXUAL CONDUCT IN THE SECOND DEGREE — PERSONAL INJURY — PRELIMINARY EXAMINATION TESTIMONY — COURT RULES.

A plea of nolo contendere is an appropriate means to secure a conviction of criminal sexual conduct in the second degree where a plea of guilty to that offense is rendered impossible by reason of a defendant's lack of personal knowledge as to any personal injury to the victim, because, in a plea of nolo contendere, the trial judge may establish the element of personal injury by reference to the preliminary examination testimony of the complainant or prosecution witnesses (GCR 1963, 785.7[3][b]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Neil P. Wackerly,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and MACKENZIE and J. H. PIERCEY,* JJ.

R. M. MAHER, P.J. Defendant appeals as of right from his plea-based convictions for first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3). Defendant was sentenced to imprisonment for 10 to 15 years on each count, the sentences to run concurrently.

The count charging defendant with first-degree criminal sexual conduct was based on sexual penetration of Colleen O'Farrell, defendant's 15-year old stepdaughter, who was residing in the same household at the time of the incident. Having reviewed the transcript of the plea taking, we find that the factual basis elicited from the defendant on this charge is sufficient to support a conviction for first-degree criminal sexual conduct under MCL 750.520b(1)(b); MSA 28.788(2)(1)(b). See *Guilty Plea Cases,* 395 Mich 96, 128-132; 235 NW2d 132 (1975), GCR 1963, 785.7(3). We also find that the trial court complied with GCR 1963, 785.7 in accepting defendant's plea to the charge of first-degree criminal sexual conduct. We therefore affirm defendant's conviction of count one, and the sentence of 10 to 15 years based thereon.

The second count charging defendant with second-degree criminal sexual conduct was based upon defendant's sexual contact with another stepdaughter, Maureen O'Farrell, in violation of MCL 750.520c(1)(f); MSA 28.788(3)(1)(f). Specifically, this count alleged that "he engaged in sexual contact with Maureen O'Farrell and caused personal injury to the said Maureen O'Farrell and used force or coercion to accomplish the said sexual contact

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by overcoming the said Maureen O'Farrell through the actual application of physical force or physical violence". In developing a factual basis with respect to count two, the sole reference to the complainant's personal injury consisted of defendant's acknowledgement that the complainant was "upset".

On appeal, the defendant contends *inter alia* that: (1) there was an insufficient factual basis for his conviction of second-degree criminal sexual conduct, MCL 750.520c(1)(f); MSA 28.788(3)(1)(f); and (2) this provision is unconstitutionally vague because, where the element of personal injury is mental anguish, there is an arbitrary distinction between second and fourth-degree criminal sexual conduct.

Michigan's criminal sexual conduct statute, MCL 750.520a *et seq.;* MSA 28.788(1) *et seq.,* which became effective on April 1, 1975, divides criminal sexual conduct into four degrees of seriousness. First-degree criminal sexual conduct is defined as sexual penetration with another person accompanied by any one of seven aggravating circumstances,[1] and is a felony punishable by imprisonment for life to any term of years. Second-degree criminal sexual conduct is defined as sexual contact that another person accompanied by any of seven aggravating circumstances,[2] and is a felony punishable by imprisonment for not more than 15 years. Third-degree criminal sexual conduct involves penetration accompanied by any of three aggravating circumstances,[3] and is a felony punishable by imprisonment for not more than 15 years. Finally, fourth-degree criminal sexual conduct involves sexual contact accompanied by two aggra-

[1] MCL 750.520b; MSA 28.788(2).
[2] MCL 750.520c; MSA 28.788(3).
[3] MCL 750.520d; MSA 28.788(4).

vating circumstances,[4] and is a misdemeanor punishable by imprisonment for not more than two years, or by a fine of not more than $500.

The defendant herein was charged under MCL 750.520c(1)(f); MSA 28.788(3)(1)(f), which provides:

"Sec. 520c. (1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:

\* \* \*

"(f) The actor causes personal injury to the victim and force or coercion is used to accomplish the sexual contact. Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (v)."

MCL 750.520e(1)(a); MSA 28.788(5)(1)(a) provides:

"Sec. 520e. (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if either of the following circumstances exists:

"(a) Force or coercion is used to accomplish the sexual contact. Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (v)."

Thus, the fourth-degree criminal sexual conduct provision is a necessarily included lesser offense of the second-degree criminal sexual conduct provision of which the defendant herein was convicted, the only difference between them being the element of personal injury. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

Personal injury is defined in MCL 750.520a(f); MSA 28.788(1)(f) as: "bodily injury, disfigurement,

---

[4] MCL 750.520e; MSA 28.788(5).

mental anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ". It is the element of mental anguish which is the focus of the instant appeal.

We would conclude that if a victim is "upset", the element of mental anguish is not satisfied so as to justify a conviction of second-degree criminal sexual conduct. We must presume that the victim of any degree of criminal sexual conduct will be "upset" by the experience. Thus, the same act which may give rise to a felony charge of second-degree criminal sexual conduct could just as well constitute the misdemeanor offense of fourth-degree criminal sexual conduct.

It is a familiar rule of statutory construction that criminal statutes must be strictly construed. This principle requires that doubtful conduct be found not criminal. In large part, the principle is based on the idea of notice of prohibited acts, but it also reflects the idea that it is up to the Legislature to define criminal offenses and punishment. Restraint by the courts in interpreting criminal statutes works to avoid judicial infringement of that legislative function. Finally, strict construction serves to guard against the dangers of arbitrary and discriminatory application of otherwise vague legislative pronouncements. *People v Willie Johnson,* 75 Mich App 221, 224-225; 255 NW2d 207 (1977).

Another rule of statutory construction is that courts will construe the language of a statute so as to give it effect rather than to nullify it. *People v Stickle,* 156 Mich 557; 121 NW 497 (1909). Statutes must be construed in light of the purpose to be accomplished. *Geraldine v Miller,* 322 Mich 85; 33 NW2d 672 (1948).

In view of the degree structure of the criminal

sexual conduct statute, with the gradations increasing in seriousness from fourth-degree to first-degree, we would conclude that the mental anguish component of personal injury, when used to elevate an offense from a fourth-degree misdemeanor to a second-degree 15-year felony, must involve "extreme" or "serious" mental anguish. It is possible to reach the same conclusion by application of the doctrine of *ejusdem generis* or the maxim of *noscitur a sociis*, where the meaning of a word is ascertained from the words which accompany it.

We further note that, when the criminal sexual conduct statute was first introduced on the floor of the Senate, the definition of personal injury included "extreme mental anguish or trauma".[5] The Legislature thus had an opportunity to incorporate this definition but declined to do so. Nonetheless, in order to preserve the integrity of the criminal sexual conduct statute as a whole, we find it necessary to judicially construe the term as "extreme" mental anguish, in order to avoid finding the statute unconstitutionally vague.

Factors which may establish "extreme" mental anguish sufficient to justify a felony conviction of second-degree criminal sexual conduct may include the need by the victim for psychiatric care or some interference with the victim's ability to conduct a normal life, such as absence from the workplace. It would be futile to attempt an exhaustive list of all of the possible factors which would be required to establish the requisite degree of mental anguish, as this is better left for a case-by-case factual determination.

---

[5] Senate Bill 1207, Senate Journal 1974, Vol 2, p 963. The definition for § 520a(f) appears in its original version as follows:

" 'serious personal injury' means extensive bodily injury, disfigurement, extreme mental anguish or trauma, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ".

Although we find that defendant's guilty plea to count two was invalid because the element of personal injury was not established, a defendant need not submit to a trial on the merits in this type of case, nor in cases where there is a subsequent pregnancy or disease of which defendant is totally unaware.

In *People v Long,* 86 Mich App 676; 273 NW2d 519 (1978), this Court recognized that, before a trial court can accept a defendant's plea of guilty, the trial court must establish a factual basis by personally questioning the defendant about the crime. However, in accepting a plea of nolo contendere, the court may rely on the preliminary examination transcript to establish the factual basis of the offense. Under GCR 1963, 785.7(3)(b)(i) a nolo plea cannot be accepted unless the court "state[s] why a plea of nolo contendere is appropriate". In *People v Long, supra,* 683, this Court found that an appropriate reason for accepting a nolo plea exists when the defendant is "unable or unwilling to admit his guilt or relate the details of the alleged criminal conduct".

We conclude that, when the defendant lacks personal knowledge to establish the element of personal injury, a nolo plea would be more appropriate than a guilty plea, since it would allow the trial court to use the testimony of the complainant or other prosecution witnesses, *e.g.,* doctors, psychiatrists, employers, relatives, etc. to establish that there has been a pregnancy, loss of a sexual organ, a disease, or extreme mental anguish.

Defendant's plea of guilty to second-degree criminal sexual conduct is reversed. The case is hereby remanded to the trial court, where defendant may either enter a plea of nolo contendere or submit himself to a trial on the merits.

Affirmed in part; reversed in part.