PEOPLE v JENKINS

Docket No. 59277. Submitted August 5, 1982, at Lansing.—Decided November 4, 1982.

Lyle C. Jenkins, Jr., was convicted of first-degree criminal sexual conduct, Eaton Circuit Court, Richard Robinson, J. Defendant appeals, alleging that the trial court should have granted defendant's motion for a directed verdict of acquittal because of insufficient evidence of bodily injury and mental anguish to justify submitting the charge to the jury. *Held:*

1. The injuries suffered need not be permanent or substantial to satisfy the bodily injury requirement for first-degree criminal sexual conduct. In this case the evidence was sufficient to allow a reasonable juror to conclude beyond a reasonable doubt that the victim suffered bodily injury.

2. The proper inquiry for determining whether a sexual assault victim suffered sufficient mental anguish to submit the issue to the jury is whether the victim suffered any significant degree of mental distress greater than that normally attendant to criminal sexual assaults accomplished by force or coercion. The evidence in this case was sufficient to indicate that the victim suffered a degree of mental distress significantly higher than that normally suffered by a sexual assault victim.

Affirmed.

1. CRIMINAL LAW — APPEAL — DIRECTED VERDICT.

The Court of Appeals, in reviewing a trial court's denial of a motion for a directed verdict of acquittal, must consider the evidence in a light most favorable to the prosecution and should affirm the trial court's decision unless no rational juror could find the essential elements of the crime charged beyond a reasonable doubt.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 65 Am Jur 2d, Rape §§ 4, 21.
   What constitutes offense of "sexual battery." 87 ALR3d 1250.
[3] 65 Am Jur 2d, Rape §§ 11, 21.

2. Rape — First-Degree Criminal Sexual Conduct — Personal
   Injury.

   Bodily injuries suffered by a victim need not be permanent or
   substantial to satisfy the requirement of personal injury neces-
   sary for a conviction of first-degree criminal sexual conduct
   (MCL   750.520a[f],   750.520b[1][f];   MSA   28.788[1][f],
   28.788[2][1][f]).

3. Rape — First-Degree Criminal Sexual Conduct — Mental
   Anguish.

   The proper inquiry for determination of whether there is suffi-
   cient evidence of a sexual assault victim's mental anguish to
   submit the issue to the jury in a trial for first-degree criminal
   sexual conduct is whether the victim suffered any significant
   degree of mental distress greater than that normally attendant
   to criminal sexual assaults accomplished by force or coercion
   (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

*Davis & Davis* (by *William B. Davis* and *Catherine M. Davis),* for defendant on appeal.

Before: Danhof, C.J., and J. H. Gillis and M. R. Knoblock,* JJ.

Per Curiam. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). He was sentenced to 15 to 30 years imprisonment and appeals as of right.

The crime occurred on August 3, 1980, as the complainant was preparing to leave the gift shop which she owned. Complainant testified that defendant threw her onto the floor, then later forced her to go to a different room where he again threw

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

her onto the floor, removed her clothes and forced her to submit to vaginal and rectal penetration.

The statute under which defendant was convicted provides, in pertinent part:

"A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\*     \*     \*

"(f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration \* \* \*."

"Personal injury" is defined in MCL 750.520a(f); MSA 28.788(1)(f) as follows:

" 'Personal injury' means bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ."

The prosecution attempted to establish the personal injury element by showing that the complainant suffered both bodily injury and mental anguish. At the close of the prosecution's proofs, defendant moved for a directed verdict on the ground that there was insufficient evidence of bodily injury and mental anguish to justify submitting the charge to the jury. The motion was denied.

Defendant argues on appeal that the trial court erred in denying the motion for directed verdict. In reviewing this claim, the evidence must be considered in a light most favorable to the prosecution, and the denial of the motion should be affirmed unless no rational juror could find the essential elements beyond a reasonable doubt. *Peo-*

*ple v Hampton,* 407 Mich 354; 285 NW2d 284 (1979); *People v Gwinn,* 111 Mich App 223, 239; 314 NW2d 562 (1981).

We will first consider whether the evidence was sufficient to support a finding of bodily injury. Complainant testified that she suffered pain in her back at the time defendant threw her to the floor. She also testified that defendant grabbed her by the throat, which caused her some difficulty in breathing.

As a result of the attack, she incurred pain in her spine and had trouble sitting for two weeks after the incident. She also suffered scratches on her chin and some internal pain which lasted for three to four days after the incident. There was also evidence that complainant received a small bruise on her lower back.

To satisfy the bodily injury component, the injuries suffered need not be permanent or substantial. *People v Kraai,* 92 Mich App 398; 285 NW2d 309 (1979), *lv den* 407 Mich 954 (1980). The evidence discussed above was clearly sufficient to cause a reasonable juror to conclude beyond a reasonable doubt that complainant suffered bodily injury. See, also *People v Gwinn, supra,* p 239.

We next consider whether there was sufficient evidence of mental anguish to justify submission of that theory to the jury. Panels of this Court are not in complete accord concerning the quantum of evidence necessary to establish the mental anguish component. In *People v Gorney,* 99 Mich App 199; 297 NW2d 648 (1980), *lv den* 410 Mich 911 (1981), a guilty plea case, the Court found the defendant's acknowledgment that the victim was "upset" insufficient to establish a factual basis for mental anguish. The Court held that, in order to satisfy the mental anguish component, the prosecutor

must show that the complainant suffered "extreme" mental anguish. The Court identified two factors which may establish "extreme" mental anguish, to wit: the victim's need for psychiatric care or some interference with the victim's ability to conduct a normal life, such as absence from the workplace. The Court noted that other possible factors which may establish the requisite degree of mental anguish should be left for a case-by-case factual determination.

Several panels of this Court have declined to indorse the *Gorney* requirement of "extreme" mental anguish. See *People v Izzo,* 116 Mich App 255; 323 NW2d 360 (1982); *People v Gwinn, supra; People v Willett,* 110 Mich App 337; 313 NW2d 117 (1981); *People v Baker § 2,* 103 Mich App 704; 304 NW2d 262 (1981).

In *Izzo, Gwinn* and *Baker,* the Court found it unnecessary to decide whether *Gorney* had properly interpreted the statute because, even under the *Gorney* standard, the evidence presented in those cases was sufficient to justify submission of the mental anguish theory to the jury. In *Willett,* the Court found it unnecessary to reach the issue since it reversed defendant's conviction on other grounds.

Although we are convinced that the level of mental anguish suffered by complainant in this case was sufficient to support a finding of personal injury, even under the *Gorney* standard, we take this opportunity to express our dissatisfaction with the rationale of *Gorney.*

Initially, we note that the holding in that case is clearly contrary to the expressed legislative intent of the criminal sexual conduct statute. This is pointed out in *Baker, supra,* p 709, fn 1:

" 'The legislative intent of the present statute is

apparent from its legislative history. The original Senate Bill (SB 1207) used the terms 'serious personal injury' and 'extreme mental anguish'. The initial House substitute for SB 1207 eliminated the adjective 'serious' from personal injury and changed 'extreme mental anguish' to 'severe mental anguish'. Later, the word 'severe' was struck from the bill and an amendment to reinsert this term was defeated. Therefore, the clear legislative intent was that any personal injury or any mental anguish suffice. This is noted in *People v Gorney, supra,* p 207, fn 5.' "

Accord, *Willett, supra,* pp 341-342.

The concern in *Gorney* was that virtually all sexual assaults involve some degree of mental anguish on the part of the victim. Since the element of mental anguish is, in itself, sufficient to raise third-degree criminal sexual conduct to first-degree criminal sexual conduct (and fourth-degree criminal sexual conduct to second-degree criminal sexual conduct), the *Gorney* Court reasoned that the Legislature must have intended the term "mental anguish" to involve more than the mere mental distress attendant to all sexual assaults. Although the Court acknowledged that its decision was contrary to the legislative intent expressed in the legislative history of the statute, it felt compelled to impose the requirement of "extreme" or "serious" mental anguish "in order to preserve the integrity of the criminal sexual conduct statute as a whole", and "to avoid finding the statute unconstitutionally vague". *Gorney, supra,* p 207.

In our opinion, the *Gorney* panel's substitution of "extreme" mental anguish for the statutory phrase "mental anguish" is merely a semantic exercise which results in redundancy and unnecessary confusion. The term "anguish" is defined in Webster's Third New International Dictionary as "extreme pain" and "excruciating distress". There-

fore, in common usage, the term "mental anguish" means extreme pain or excruciating distress of the mind. Viewed in this light, the *Gorney* panel's requirement of "extreme" mental anguish results in a redundancy.

While we agree that virtually all persons who become victims of a sexual assault involving force or coercion experience some degree of mental trauma, we do not accept the assumption that all such persons suffer mental anguish. In our opinion, the proper inquiry to determine whether there is sufficient evidence of the mental anguish element is whether the victim suffered any significant degree of mental distress greater than that normally attendant to criminal sexual assaults accomplished by force or coercion.

Applying this standard to the instant case, we believe the evidence was sufficient to justify submission of the mental anguish theory to the jury. Complainant testified that when she was first attacked and thrown to the floor, she involuntarily urinated in her pants. She stated that during the assault she feared for her life and was especially fearful when she was forced to turn her back on defendant prior to rectal penetration. Other witnesses who came into contact with complainant immediately following the event testified that she was very upset, that she was crying and that it was difficult for her to talk. Another witness described her behavior as being on the verge of hysteria. The doctor who examined complainant shortly following the incident testified that she was shaking and quivering. Two days after the incident, the doctor prescribed Valium to relieve the victim's anxiety, and 12 days after the attack he discontinued the Valium and prescribed another medicine in the treatment of her insomnia.

In our view, there was sufficient evidence that complainant suffered a degree of mental distress significantly higher than that normally suffered by a sexual assault victim. The trial court did not err in submitting the mental anguish theory to the jury.

As to defendant's final contention, we find no indication in the record that the trial court failed to exercise its discretion at sentencing.

Affirmed.