PEOPLE v SIMPSON

Docket No. 50790. Submitted November 3, 1983, at Grand Rapids.—
    Decided February 21, 1984. Leave to appeal applied for.
    Following a bench trial in the Allegan Circuit Court, defendant,
    Maurice R. Simpson, was convicted of first-degree criminal
    sexual conduct. The trial court, George R. Corsiglia, J., sen-
    tenced defendant to from 7-1/2 to 15 years imprisonment. The
    victim was the defendant's natural daughter, who was 19 or 20
    years old at the time of the offense. Defendant appeals raising
    several issues. *Held:*

    1. The trial court did not err in permitting defendant's wife,
    who is also the victim's natural mother, to testify at the trial.
    The trial court ruled, in response to defendant's objection to his
    wife's testifying based on the spousal privilege statute, that the
    wife could not testify as to any communications she had with
    defendant, but could otherwise testify under the statutory
    exception for "cases of prosecution for a crime committed
    against the children of either or both". Such exception is not
    restricted to minor children, but rather extends to all children
    regardless of age.

    2. The personal injury element based on proof of mental
    anguish required to elevate an offense from third-degree to
    first-degree or from fourth-degree to second-degree criminal
    sexual conduct must be "extreme" or "serious" and is defined
    as "any significant degree of mental distress greater than that

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Witnesses § 123.
[2] 41 Am Jur 2d, Incest § 21.
    81 Am Jur 2d, Witnesses §§ 127, 130.
    Competency of one spouse to testify against other in prosecution for
    offense against child of both or either. 93 ALR3d 1018.
[3] 5 Am Jur 2d, Appeal and Error §§ 883, 885.
[4-6] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 45-48.
    65 Am Jur 2d, Rape § 4.
[5, 6] 38 Am Jur 2d, Fright, Shock and Mental Disturbance §§ 51, 52,
    55.
[6] 41 Am Jur 2d, Incest § 6.

normally attendant to criminal sexual assaults accomplished by force or coercion."

3. There was sufficient evidence to support defendant's conviction. Based on the testimony reflecting the victim's emotional distress shortly after the incident, together with the fact that the victim's assailant was her natural father, the trier of fact could reasonably infer that the victim had suffered lasting emotional effects and mental anguish greater than that normally attendant to a forcible sexual penetration. Any forcible sexual assault is bound to cause some mental anguish to the victim, but where the assailant is the victim's own father, it can be reasonably inferred that even greater mental anguish is experienced by the victim, given the societal taboo on incest and also the victim's loss of a healthy relationship with her father.

Affirmed.

1. WITNESSES — SPOUSAL PRIVILEGE — JUDICIAL CONSTRUCTION.

The statute disqualifying a person from testifying against his or her spouse except upon the consent of that spouse is to be narrowly construed; thus, its exceptions should be broadly construed (MCL 600.2162; MSA 27A.2162).

2. WITNESSES — SPOUSAL PRIVILEGE — CRIMES AGAINST CHILDREN.

The statute disqualifying a person from testifying against his or her spouse except upon the consent of that spouse contains exceptions to the statute including one for cases of prosecution for a crime committed against the children of either or both spouses; such exception is not restricted to cases involving minor children, but rather extends to all children regardless of age (MCL 600.2162; MSA 27A.2162).

3. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.

The standard for review of challenges to the sufficiency of the evidence in a bench trial is that the Court of Appeals must determine whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt, or whether the trial court clearly erred.

4. RAPE — PERSONAL INJURY — MENTAL ANGUISH — CRIMINAL SEXUAL CONDUCT.

The personal injury element based on proof of mental anguish which is required to elevate an offense from third-degree to

first-degree or from fourth-degree to second-degree criminal sexual conduct must be extreme or serious mental anguish and is defined as any significant degree of mental distress greater than that normally attendant to criminal sexual assaults accomplished by force or coercion (MCL 750.520a[f], 750.520b[1][f], 750.520c[1][f], 750.520d[1][b], 750.520e[1][a]; MSA 28.788[1][f], 28.788[2][1][f], 28.788[3][1][f], 28.788[4][1][b], 28.788[5][1]).

5. Evidence — Criminal Law — Criminal Sexual Conduct — Mental Anguish.

Some factors which are relevant to the determination of whether there is sufficient evidence of a victim's extreme or serious mental anguish to warrant a defendant's conviction of first-degree criminal sexual conduct are whether the victim required psychiatric care, whether there has been some interference with the victim's ability to carry on a normal life, such as absence from work, or whether there are other indications that the victim has suffered lasting effects (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

6. Evidence — Criminal Law — Criminal Sexual Conduct — Mental Anguish — Parent and Child — Appeal.

The Court of Appeals found, based on the testimony reflecting the victim's emotional distress shortly after the incident, together with the fact that the victim's assailant was her natural father, that there was sufficient evidence of extreme or serious mental anguish to warrant the defendant's conviction of first-degree criminal sexual conduct; the trier of fact could reasonably infer from the evidence that the victim had suffered lasting emotional effects and mental anguish greater than that normally attendant to a forcible sexual penetration, given the social taboo on incest and also the victim's loss of a healthy relationship with her father (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: MacKenzie, P.J., and J. H. Gillis and
T. C. Megargle,* JJ.

MacKenzie, P.J. Defendant appeals by leave
granted from his conviction of first-degree criminal
sexual conduct, MCL 750.520b(1)(f); MSA
28.788(2)(1)(f), after a bench trial. Defendant was
sentenced to from 7-1/2 to 15 years imprisonment.
The victim was the defendant's daughter, who was
19 or 20 years old at the time of the offense.

Defendant first claims that his conviction must
be reversed because the court erred in permitting
defendant's wife, who is also the victim's mother,
to testify at the trial. In response to defendant's
objection to his wife's testifying based on the
spousal privilege statute, the court ruled that
while defendant's wife could not testify as to any
communications she had with defendant, she could
otherwise testify under the statutory exception for
"cases of prosecution for a crime committed
against the children of either or both", MCL
600.2162; MSA 27A.2162. Defendant argues that
this exception should apply only where the child is
a minor and should not apply here since the
victim was 19 or 20 years old at the time of the
offense.

This argument has not heretofore been ad-
dressed by any Michigan appellate court. However,
as a general matter, this Court has stated that the
spousal privilege statute should be narrowly con-
strued, and thus its exceptions should be broadly
construed. *People v Love,* 127 Mich App 596; 339
NW2d 493 (1983); *People v Wadkins,* 101 Mich
App 272, 283; 300 NW2d 542 (1980). Consequently,
we hold that the exception for crimes committed
against the children of one or both spouses is not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

restricted to minor children, but rather extends to all children regardless of age. The term "children" used in the statute does not necessarily imply any age limit, and the Legislature could have easily used the term "minor children" if such a limitation were intended. That the modern justification for spousal privilege is the preservation of marital harmony also supports our holding. *People v Love, supra; People v Wadkins, supra,* p 283. It is unlikely that there is much marital harmony left to preserve where, as in the instant case, one spouse has committed a crime against the other spouse's child.

Defendant also contends that there was insufficient evidence to support his conviction of first-degree criminal sexual conduct. In reviewing the sufficiency of the evidence in an appeal from a bench trial, we must determine whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt, *People v Marlin Smith,* 119 Mich App 91, 94; 326 NW2d 434 (1982); *People v Gregory Johnson,* 112 Mich App 483, 489; 316 NW2d 247 (1982), or whether the court clearly erred, *People v Triplett,* 105 Mich App 182, 190-191; 306 NW2d 442 (1981), *remanded* 414 Mich 898; 323 NW2d 7 (1982); *People v Anderson,* 112 Mich App 640, 648; 317 NW2d 205 (1981). Defendant herein was convicted of first-degree criminal sexual conduct under § (1)(f) of MCL 750.520b; MSA 28.788(2), *i.e.,* defendant used force or coercion and caused personal injury to the victim. The element of personal injury is defined as "bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ". MCL 750.520a(f);

MSA 28.788(1)(f). In the present case, there was no evidence of any physical injury to the victim, and the prosecutor's theory was that the "personal injury" element was satisfied by the victim's having suffered "mental anguish".

Defendant argues that there was not sufficient evidence of mental anguish to justify his conviction of criminal sexual conduct in the first degree, and that his conviction should be reduced to third-degree criminal sexual conduct. At the trial, defendant had unsuccessfully moved for a directed verdict, arguing that the prosecutor had failed to establish the degree of mental anguish necessary for first-degree criminal sexual conduct. This Court has previously wrestled with the fact that under the criminal sexual conduct statute criminal sexual conduct can be elevated from the third degree to the first degree, or from the fourth degree to the second degree, based on proof of mental anguish as the requisite personal injury. Compare MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) with MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), and MCL 750.520c(1)(f); MSA 28.788(3)(1)(f) with MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). Since any forced or coerced sexual penetration or contact is likely to cause some mental anguish to the victim, it is necessary in some way to meaningfully distinguish the mental anguish needed to elevate the degree of the offense. However, attempts by this Court to do so have not met with uniform results.

In *People v Gorney,* 99 Mich App 199; 297 NW2d 648 (1980), *lv den* 410 Mich 911 (1981), a case decided after the trial of the instant case, it was concluded that "extreme" or "serious" mental anguish was required to elevate the offense. This approach was also used in the more recent case of *People v Thorin,* 126 Mich App 293, 300-301; 336

NW2d 913 (1983). However, in *People v Jenkins,* 121 Mich App 195, 198-202; 328 NW2d 403 (1982), which was followed in *People v Petrella,* 124 Mich App 745, 760-764; 336 NW2d 761 (1983), the *Gorney* approach of requiring "extreme" or "serious" mental anguish was rejected, and the proper inquiry was found to be whether there was evidence of "any significant degree of mental distress greater than that normally attendant to criminal sexual assaults accomplished by force or coercion". *People v Jenkins, supra,* p 201; *People v Petrella, supra,* p 762 (quoting *Jenkins, supra). Also,* several other panels have expressly declined to endorse the *Gorney* standard. *People v Izzo,* 116 Mich App 255, 259; 323 NW2d 360 (1982); *People v Baker #2,* 103 Mich App 704, 709; 304 NW2d 262 (1981), *lv ·den* 417 Mich 1093 (1983).

The author of this opinion was on the *Gorney* panel, and another member of this panel was on the *Jenkins* panel. Both decisions acknowledged that to elevate the offense some degree of mental anguish greater than that which could be expected to accompany any forced or coerced sexual assault is required. We find those decisions are not in fact so far apart, and may be reconciled. We hold that the mental anguish required to elevate the offense must be "extreme" or "serious", *People v Gorney, supra,* which we define as "any significant degree of mental distress greater than that normally attendant to criminal sexual assaults accomplished by force or coercion", *People v Jenkins, surpa.* To the extent the use of the terms "extreme" or "serious" in *Gorney* was meant to convey even a higher degree of mental anguish than that just described, the author of this opinion no longer agrees with that decision.

We must now determine whether there was

sufficient evidence of extreme or serious mental anguish as defined above to warrant defendant's conviction of first-degree criminal sexual conduct. Some relevant factors are whether the victim required psychiatric care, whether there has been some interference with the victim's ability to carry on a normal life, such as absence from work, or whether there are other indications that the victim has suffered lasting effects. *People v Petrella, supra,* pp 763-764; *People v Gorney, supra,* p 207. The testimony in the present case indicated that immediately after the incident the victim was upset and crying and screamed at defendant; defendant told her she would have to calm down before they could return to defendant's home. When they arrived at defendant's home, the victim was at that time upset and crying. The victim and her mother then went to the victim's apartment, where the victim cried some more, and her mother spent the night at her apartment.

While there was no evidence demonstrating that the victim required psychiatric care or that her normal activities have been disrupted, we find that, based on the testimony reflecting her emotional distress shortly after the incident, together with the fact that the victim's assailant was her natural father, the trier of fact could reasonably infer that the victim has suffered lasting emotional effects and mental anguish greater than that normally attendant to a forcible sexual penetration. Any forcible sexual assault is bound to cause some mental anguish to the victim, but where the assailant is the victim's own father, it can be reasonably inferred that even greater mental anguish is experienced by the victim, given the societal taboo on incest and also the victim's loss of a healthy relationship with her father. Al-

though the victim herein testified that she did not report the incident until about a week later because she had not "thought too much about it", we do not find this statement to negate an inference of extreme or serious mental anguish; rather, this testimony could just as reasonably be interpreted as simply reflecting the victim's all-too-natural reluctance to bring criminal charges against her father.

Affirmed.