PEOPLE v HOLLIS

Docket No. 78308. Submitted November 16, 1984, at Detroit.—Decided
     February 5, 1985.

Defendant, Kenneth A. Hollis, was convicted following a bench
     trial in the Recorder's Court for the City of Detroit of assault
     with intent to murder and possession of a firearm during the
     commission of a felony, M. John Shamo, J. Defendant appeals.
     *Held:*

1. Defendant complied with the statutory notice requirements
     for asserting a diminished capacity defense but failed to affir-
     matively assert diminished capacity as a defense at trial. The
     failure of the defendant to present competent proof of a dimin-
     ished capacity defense at trial forecloses appellate considera-
     tion of the defendant's claim that the trial court erred by
     failing to apply the diminished capacity standard when deter-
     mining defendant's guilt or innocence.

2. Sufficient evidence was presented to support defendant's
     conviction for assault.

3. Defendant has not suffered a due process violation because
     of the fact that he was not provided with court-appointed
     counsel immediately after trial. Defendant can still bring a
     motion for a new trial under GCR 1963, 528.3.

     Affirmed.

1. Criminal Law — Defenses — Insanity — Preserving Question.
     Failure of a defendant to present competent proof at trial to
     support a pretrial assertion of an intent to claim an insanity or
     diminished capacity defense forecloses any appellate considera-
     tion of the merits of the defense (MCL 768.20a[1]; MSA
     28.1043[1][1]).

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 77, 101, 106.
   Modern status of rules as to burden and sufficiency of proof of
     mental irresponsibility in criminal case. 17 ALR3d 146.
[2] 5 Am Jur 2d, Appeal and Error §§ 821, 883.
   29 Am Jur 2d, Evidence § 225.
[3] 21A Am Jur 2d, Criminal Law § 975.
   56 Am Jur 2d, Motions § 8.
   58 Am Jur 2d, New Trial §§ 15, 29, 187.

2. CRIMINAL LAW — APPEAL — EVIDENCE.

> The standard for review of challenges to the sufficiency of the evidence in a bench trial is that the Court of Appeals must determine whether, considering the evidence in the light most favorable to the prosecutor, a rational trier of fact could find the necessary elements of the crime proven beyond a reasonable doubt, or whether the trial court clearly erred.

3. APPEAL — MOTIONS AND ORDERS — NEW TRIAL — TIMELINESS — DUE PROCESS — COURT RULES.

> A general court rule provides that a trial court has discretion to grant a late motion for a new trial; a defendant has not suffered a due process violation as a result of a failure to appoint court-appointed appellate counsel in time for such counsel to make a timely motion for a new trial where the defendant can still bring a late motion for a new trial under the court rule (GCR 1963, 528.3).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Edward Reilly Wilson*, Deputy Chief, Civil and Appeals, and *Charles E. Grant*, Assistant Prosecuting Attorney, for the people.

*Alan D. Hunt, P.C.* (by *Alan D. Hunt*), for defendant on appeal.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant was charged with one count of assault with intent to commit murder, MCL 750.83; MSA 28.278, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant was found guilty as charged after a bench trial. He was sentenced to a term of not less than 20 and not more than 40 years imprisonment on the assault conviction and a consecutive mandatory two-year term on the felony-firearm conviction. Defendant appeals to this Court as of right.

---

* Retired circuit judge, sitting on the Court of Appeals by assignment.

Defendant was involved in an assault on a security guard at Henry Ford Hospital in Detroit, Michigan. The guard approached defendant after observing him in a parking structure at the hospital. The guard, Abraham Hodgers, approached the defendant and advised him that he could not linger on the property. Defendant produced a gun, pointed it at Hodgers and threatened to kill him. When Hodgers reached for the gun, it discharged a bullet which ricocheted off Hodgers' shoe and knocked his gun from his holster. Hodgers fell onto his back. Defendant approached him, still pointing the gun at Hodgers. At that point, Dennis McBride, Hodgers' back-up, arrived and disarmed the defendant.

Defendant testified that he pulled the gun out but that it discharged accidently when Hodgers rushed him. Defendant also testified that he had come down from his ingestion of "speed" about two hours earlier.

Defendant's first claim on appeal is that the trial court erred by failing to apply the "diminished capacity standard" when determining defendant's guilt or innocence. On appeal, the defense theory is that defendant's ingestion of "speed" prior to the assault made him incapable of forming the requisite intent to kill. Defendant reasons that the trial court erred by failing to apply the diminished capacity standard to defendant's case.

In this case defendant complied with the statutory notice requirements for asserting the diminished capacity defense. MCL 768.20a(1); MSA 28.1043(1)(1), *People v Atkins,* 117 Mich App 430, 435-436; 324 NW2d 38 (1982); *People v Mangiapane,* 85 Mich App 379, 395; 271 NW2d 240 (1978). Defendant, however, failed to affirmatively assert diminished capacity as a defense at trial. This Court has held that the failure of a defendant to

present competent proof of an insanity defense
forecloses appellate consideration of the merits of
the defense. *People v Blocker,* 45 Mich App 138,
140-141; 206 NW2d 229 (1973), *aff'd* 393 Mich 501;
227 NW2d 767 (1975). The same rationale applies
to the diminished capacity defense. *Mangiapane,
supra,* p 395; *People v Denton,* 138 Mich App 568;
360 NW2d 245 (1984). The statutory procedures
are equally applicable to the insanity and dimin-
ished capacity defenses. The record in this case is
void of any evidence which tends to show an
insanity defense, an intoxication defense, or a
diminished capacity defense. This case is squarely
within the *Blocker, supra,* rule. Appellate consid-
eration is foreclosed. Compare, *People v Spencer,*
23 Mich App 56; 178 NW2d 130 (1970), *lv den* 383
Mich 787 (1970).

Defendant next claims that the evidence was
insufficient to support his conviction for assault. In
reviewing a sufficiency claim, this Court must
determine whether, considering the evidence in
the light most favorable to the prosecutor, a ra-
tional trier of fact could find the necessary ele-
ments of the crime proven beyond a reasonable
doubt or if the court clearly erred. *People v Simp-
son,* 132 Mich App 259, 263; 347 NW2d 215 (1984);
*People v Anderson,* 112 Mich App 640, 648; 317
NW2d 205 (1981). Defendant contends that evi-
dence on the element of intent to kill was not
shown. The trial court stated:

"From the testimony this court has heard, he aimed
it at him and followed him and aimed it again. His
testimony is that he took it out to scare him away.
Doesn't hold water with this court. A person takes out a
handgun and knows there's a chance of great bodily
harm. He aims at somebody and knows there's a good
possibility of killing that individual and when he fires

at an individual, he has to know the consequences that there's a great possibility that that person may be killed.

"The testimony I have heard from this defendant, taking his gun out, aiming it at Abraham Hodgers and firing at him and chasing him or following him when he was under the trailer and aiming at him again, leaves no doubt in this court's mind this defendant did assault Abraham Hodgers with intent to murder * * *."

Reviewing the record as a whole, we are not left with the definite and firm conviction that a mistake has been made. *Anderson, supra.*

Finally defendant contends that he was denied due process of law because he was not provided with court-appointed appellate counsel immediately after trial. Defendant contends that this prevented him from making a timely motion for a new trial. This argument was made to this Court in *People v Phillips,* 75 Mich App 690, 695, n 1; 255 NW2d 733 (1977), although it was not premised on due process grounds. This Court responded that GCR 1963, 528.3 gives a trial court discretion to grant a late motion for a new trial. Defendant has not suffered a due process violation because he can still bring a motion for a new trial under GCR 1963, 528.3.

Defendant's convictions are affirmed.