PEOPLE v BURCH

Docket No. 94719. Submitted April 20, 1988, at Grand Rapids. Decided August 17, 1988.

Danny Wellington Burch was convicted by a jury of first-degree criminal sexual conduct involving an eleven-year-old victim, Kalamazoo Circuit Court, John F. Foley, J. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in ruling that the victim, who attended special education classes at school, was competent to testify.

2. Appellate consideration of defendant's claim that error resulted from the prosecution's questioning of the victim during the examination for competency is precluded by defendant's failure to cite authority or policy considerations in support of his claim.

3. Appellate review of defendant's claim that error resulted from the admission of the victim's testimony in response to the prosecution's inquiry as to whether defendant had engaged in sexual conduct with the victim's brother is precluded by defendant's failure to object, failure to request that the testimony be stricken from the record and failure to request a curative instruction to the jury. In any event, no prejudice requiring reversal resulted since the victim's answers were unresponsive.

4. The trial court did not err in denying defendant's motion for a directed verdict of acquittal. The record indicated sufficient evidence to allow a reasonable juror to find that the essential elements of the crime charged had been proven beyond a reasonable doubt.

Affirmed.

1. WITNESSES — COMPETENCY OF WITNESSES.

The determination of whether a witness is competent to testify is within the discretion of the trial court and such determination is reversed on appeal only for an abuse of discretion.

REFERENCES

Am Jur 2d, Appeal and Error §§ 601 *et seq.,* 798, 849.

Am Jur 2d, Witnesses §§ 69 *et seq.,* 80 *et seq.,* 135 *et seq.,* 563.

See the Index to Annotations under Competency of Witnesses; Incompetent and Insane Persons; Witnesses.

2. WITNESSES — COMPETENCY OF WITNESSES.

The test of whether a witness is competent to testify does not focus on whether the witness is able to tell right from wrong but, rather, on whether the witness has the capacity and sense of obligation to testify truthfully and understandably (MRE 601).

3. WITNESSES — MENTALLY RETARDED WITNESSES.

A decision by a trial court to admit the testimony of a mentally retarded witness does not constitute error requiring reversal on appeal absent an abuse of discretion by the trial court as the weight and credibility of such testimony is for the jury to decide.

4. APPEAL — PRESERVING QUESTION.

An appellant who merely asserts a position without citing any applicable case law or policy consideration fails to preserve his position.

5. EVIDENCE — APPEAL — PRESERVING QUESTION.

Appellate review of alleged error in the admission of evidence is precluded in the absence of manifest injustice where the complaining party failed to object to its admission at trial.

6. CRIMINAL LAW — APPEAL — DIRECTED VERDICT.

The Court of Appeals, in reviewing a trial court's denial of a motion for a directed verdict of acquittal, must consider the evidence in a light most favorable to the prosecution and should affirm the trial court's decision unless no rational juror could find the essential elements of the crime charged beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Yvonne G. Gilbert,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich, P.C.* (by *Milton J. Marovich*), for defendant on appeal.

Before: WEAVER, P.J., and McDONALD and W. R. PETERSON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant, convicted by jury of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and sentenced to three to ten years imprisonment, appeals as of right. We affirm.

Defendant raises several issues on appeal. Defendant first claims error in the trial court's ruling that the victim was competent to testify at trial. We disagree.

The determination of the competency of a witness is a matter within the discretion of the trial court. *People v Harris,* 110 Mich App 636; 313 NW2d 354 (1981). Such a determination will be reversed only for an abuse of discretion. *People v Edgar,* 113 Mich App 528; 317 NW2d 675 (1982). In the instant case the victim was eleven years old when he testified; therefore, MCL 600.2163; MSA 27A.2163, regarding witnesses under the age of ten, does not control. Instead, MRE 601 is the rule that controls:

> Unless the court finds after questioning a person that he does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules.

In applying MRE 601, "[t]he test of competency of a witness does not focus on whether a witness is able to tell right from wrong but, rather, on whether a witness has the capacity and sense of obligation to testify truthfully and understandably." *People v Norfleet,* 142 Mich App 745, 748; 371 NW2d 438 (1985).

Defendant contends that the victim's attendance in special education classes at school indicates he may have lacked the requisite mental capacity to

understand the proceedings and relay facts competently. However, "[e]ven though a witness may be mentally retarded, the trial court's decision to admit the testimony does not constitute reversible error absent an abuse of discretion since the weight and credibility of the testimony is for the jury." *People v LaPorte,* 103 Mich App 444, 447; 303 NW2d 222 (1981). No such abuse of discretion exists in the instant case. Here, although not required, the trial judge addressed the victim as if he were under ten years old and pursuant to MCL 600.2163; MSA 27A.2163. While the trial judge chose the cautious approach suggested by the statute, he was not obliged to do so and it cannot be considered error to fail to follow an inapplicable statute. We find such an approach helpful in cases where the witness exceeds the age of ten, but evidences signs of mental impairment. Such an approach provides the reviewing court testimony with which to review the trial judge's exercise of discretion in determining a witness' competency to testify. We have reviewed the record in the instant case and find no abuse of that discretion.

Defendant next claims error in the prosecution's positing of questions to the victim during the competency examination. However, defendant's failure to cite authority or policy considerations in support of his position precludes consideration of this issue on appeal. *Smith v Saginaw Savings & Loan Ass'n,* 94 Mich App 263; 288 NW2d 613 (1979).

Defendant next claims that the victim's testimony indicating that defendant had engaged in sexual conduct with the victim's brother denied defendant a fair trial.

Prior to trial, the court granted defendant's motion to bar the admission of testimony regarding defendant's alleged sexual contacts with the

victim's brother. At trial, the following testimony was elicited during the prosecution's direct examination of the victim:

*Q.* Okay. You said your uncle did something to you?
*A.* Yes.
*Q.* Can you tell me what your uncle did?
*A.* I don't know.
*Q.* I'm sorry. I didn't hear you.
*A.* I don't know.
*Q.* Did your uncle do something?
*A.* Yes.
*Q.* Who did he do it to?
*A.* Kenny.
*Q.* Did he do anything to you?
*A.* Yes.
*Q.* This thing that was done to you, did it have anything to do with your body?
*A.* Yes.

However, defense counsel failed to object to the testimony, failed to request that the answer be stricken from the record and failed to request a curative instruction to the jury. Absent manifest injustice, failure to object to evidence at trial will preclude appellate review. *People v Ross,* 145 Mich App 483; 378 NW2d 517 (1985); *People v Phillips,* 61 Mich App 138; 232 NW2d 333 (1975). We find no such injustice. The prosecution did not question the witness regarding other alleged sexual misconduct. Instead, the answer was unexpected and unresponsive to the prosecution's question. Moreover, the answer did not indicate what acts defendant allegedly committed with the victim's brother. Thus, we find no prejudice requiring reversal. *People v Albert Thompson,* 101 Mich App 609; 300 NW2d 645 (1980).

Defendant last claims error in the trial court's

denial of his motion for a directed verdict of acquittal made at the close of the prosecution's case in chief.

In reviewing whether a trial court erred in denying a defendant's motion for a directed verdict of acquittal, "the evidence must be considered in a light most favorable to the prosecution, and the denial of the motion should be affirmed unless no rational juror could find the essential elements beyond a reasonable doubt." *People v Jenkins,* 121 Mich App 195, 197; 328 NW2d 403 (1982). A review of the record indicates sufficient evidence to allow a reasonable juror to find the essential elements of the crime herein charged.

Affirmed.