959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Reggie WESLEY, Petitioner-Appellant,
v.
John W. HAWLEY, Respondent-Appellee.
 No. 91-2022.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Gary R. Wesley, a pro se Michigan prisoner, appeals from the order of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Oral argument has been waived. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wesley was represented at trial by court-appointed counsel. However, trial counsel was apparently unwilling to represent Wesley on appeal and moved the court to allow him to withdraw. The trial court granted trial counsel's motion and did not immediately appoint appellate counsel. Wesley sought habeas relief on the ground that his court-appointed attorney rendered ineffective assistance of counsel by failing to perfect the appeal of Wesley's criminal conviction, and on the ground that his right to effective assistance of counsel was denied by the state court's failure to appoint appellate counsel for him.
 
 
 3
 The court adopted the report and recommendation filed by the magistrate judge, and dismissed Wesley's petition because he failed to exhaust his state remedies. The district court granted a certificate of probable cause. On appeal, Wesley reasserts that the state court's failure to appoint counsel violated his constitutional right to appeal his conviction and violated his constitutional right to counsel. He abandons on appeal his argument that trial counsel rendered ineffective assistance by failing to perfect his appeal.
 
 
 4
 Upon review, we find no error. State prisoners generally must first give the state courts a fair opportunity to remedy any constitutional infirmity in the conviction. Castille v. Peoples, 489 U.S. 346, 351 (1989). Unless an exception applies, a petition which contains at least one issue which was not presented to the state courts, for which a remedy is available, must be dismissed for failure to comply with the total exhaustion rule. Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 5
 Wesley has not exhausted his state remedies. Michigan provides a remedy for Wesley's claim that the trial court wrongfully denied his request for the appointment of appellate counsel. "Requests for appointment of appellate counsel shall be in writing and accompanied by an affidavit of indigency setting forth the facts upon which defendant relies for support of his claim that he is too poor to employ counsel." GCR 1963 785.4(2). There is no discretionary power granted to trial judges to refuse appellate counsel once indigency is determined. People v. Mallory, 147 N.W.2d 66, 77 (Mich.1967). Michigan also provides a remedy for his claim that he has been denied the right to appeal his conviction. He has not suffered a due process violation as the result of the trial court's failure to appoint appellate counsel because he can still bring a motion for a new trial. People v. Hollis, 366 N.W.2d 29, 31 (Mich.App.1985). Michigan's corrective process for reviewing illegal detentions in violation of constitutional rights, which includes a provision for delayed motion for retrial and an application for leave to appeal from denial thereof, has been found to be an adequate recourse for habeas petitioners. M.C.L.A. §§ 770.2, 770.3. Whalen v. Frisbie, 185 F.2d 607 (6th Cir.1950), cert. denied, 341 U.S. 911 (1951). The record does not reveal any challenge to Wesley's convictions nor any clear manifestation that the state court will not entertain his constitutional claims. No exception to the exhaustion requirement applies.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. All pending motions are denied.