PEOPLE v IZZO

Docket No: 77-4486. Submitted February 14, 1979, at Lansing.—Decided June 19, 1979. Leave to appeal applied for.

Domenic F. Izzo was convicted in Dickinson Circuit Court, Ernest W. Brown, J., of first-degree criminal sexual conduct. At the trial, the prosecution called a psychiatrist for the purpose of establishing whether the complaining witness experienced mental anguish. During the prosecution's questioning of the psychiatrist, the doctor testified that he had taken a history from the complaining witness in which she had related that she had been exposed to forcible intercourse. The doctor also indicated that certain psychological tests had been administered and a psychological evaluation of the complaining witness had been undertaken. The prosecution inquired whether the psychological tests could pick up the fact that someone was faking responses, to which the doctor answered "yes". Over defendant's objection, the doctor was permitted to opine his belief that the complaining witness "was answering quite honestly". Defendant appeals. *Held:*

Reversible error resulted from permitting the psychiatrist to state his opinion that the complaining witness was honest in her responses during the psychiatric examination. Since the doctor had already testified that the complaining witness had related to him that she had been exposed to a forcible intercourse, the testimony regarding the honesty of her responses amounted to an unwarranted reinforcement of the complaining witness's testimony and gave scientific legitimacy to the truth of the complaining witness's factual testimony concerning the rape.

Reversed.

M. F. CAVANAGH, J., dissented. He would hold that, while the specific questions asked by the prosecutor were unnecessary and improper, the testimony as to the complaining witness's veracity did not warrant reversal. Expert psychiatric testimony

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 21.
[2] 31 Am Jur 2d, Expert and Opinion Evidence § 22.

as to mental anguish of a complaining witness is appropriate, and such testimony is necessarily premised on a presumption of veracity. He would affirm.

OPINION OF THE COURT

1. EVIDENCE — TESTIMONY — EXPERT WITNESSES — PSYCHIATRISTS — VERACITY OF COMPLAINING WITNESS — REVERSIBLE ERROR.

Reversible error results from permitting a psychiatrist to state his opinion, in a prosecution for criminal sexual conduct, that the complaining witness was honest in her responses during a psychiatric examination, where there was prior testimony that the complaining witness related to the doctor that she had been exposed to forcible intercourse, since such expert testimony amounted to an unwarranted reinforcement of the complaining witness's testimony and gave scientific legitimacy to the truth of the complaining witness's factual testimony concerning the rape.

DISSENT BY M. F. CAVANAGH, J.

2. EVIDENCE — TESTIMONY — EXPERT WITNESSES — PSYCHIATRISTS — VERACITY OF COMPLAINING WITNESS — STATUTES.

*Admission of expert psychiatric testimony relative to the veracity of a complaining witness in a criminal sexual conduct prosecution does not result in reversible error, even though it invades the province of the jury to some extent, since such testimony is appropriate to the determination of mental anguish under the criminal sexual conduct statute and necessarily carries with it a presumption of veracity on the part of the complaining witness (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert G. Foster,* Prosecuting Attorney (by *Keith D. Roberts,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Derrick Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and MACKENZIE, JJ.

M. J. KELLY, P.J. Defendant appeals as of right

his jury conviction for first-degree criminal sexual conduct, contrary to MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

Defendant raises three issues on appeal, the first two of which have no merit and do not require discussion. The third issue is framed as follows:

"Did the trial court commit reversible error by allowing, over defense objection, a psychiatrist to deliberately invade the province of the jury and testify, upon insufficient foundation, that he believed the complainant's story?"

We find that the trial court erred and reverse for the reason that the testimony in question violates the rule established in *People v McGillen #2*, 392 Mich 278, 285; 220 NW2d 689 (1974). There the rule was stated as follows:

"It is also noted that in no event is the doctor permitted to lend his expert opinion testimony as to the crucial issue of whether or not the prosecutrix was actually *raped* at a specific time and place." (Footnote omitted.)

The incident out of which this prosecution arose took place on June 9, 1977. The testifying psychiatrist, David R. Wall, M.D., of Marquette, Michigan, was called into the case by State Trooper Lemke, who arranged an examination of the complaining witness on July 11, 1977, at the doctor's office. The doctor testified that he took a history from the complaining witness in which she related a "forcible intercourse in June". She was given certain psychological tests, and an examination was conducted. On direct examination the doctor was asked to characterize the truth of the complaining witness's hearsay statements:

"*Q.* Excuse me, if somebody was faking those responses, would the inventory pick that up?

"*A.* Yes."

At this point the defense objected, and the court ruled that the doctor could state his opinion. The doctor responded: "My opinion was that she was answering quite honestly."

The import of this testimony was directly contrary to the prosecutor's earlier statement, on a motion to suppress Dr. Wall's testimony, that this expert witness was being produced solely to establish mental anguish, that that was the people's "total and only objective in that testimony". The prosecutor had stated:

"Your Honor, I'm going to ask this expert, as in any other case, a hypothetical question—assuming certain facts, and based on his examination, does he have an opinion as to whether this woman experienced mental anguish."

It is our conclusion that the testimonial reenactment of the psychiatric examination went beyond the bounds of expert testimony establishing mental anguish and amounted to unwarranted reinforcement of the complaining witness's testimony. The people were allowed to, in effect, produce a human lie detector in the person of Dr. Wall, who gave a stamp of scientific legitimacy to the truth of the complaining witness's factual testimony concerning the rape.

Reversed.

MacKenzie, J., concurred.

M. F. Cavanagh, J. *(dissenting).* I dissent from the majority's determination that reversible error

was committed. I am persuaded that mental anguish, as that term is utilized in MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), takes on a much greater significance than just ordinary or normal after effects or upsets. To establish that this type of injury in fact occurred, psychiatric testimony might be appropriate.

The real question here was the probative value of the psychiatrist's testimony. That was a matter of weight for the jury. It is true that the psychiatrist, by testifying to the victim's veracity, buttressed her testimony that a rape in fact occurred. However, any such expert testimony would have to be premised upon the presumption of veracity. By this same token, that testimony would always invade the province of the jury to some extent.

I think the specific questions asked by the prosecutor in this instance were unnecessary and improper. The error, however, in my view, does not rise to a level warranting reversal. I would affirm.