PEOPLE v IZZO

Docket No. 53792. Submitted March 5, 1982, at Grand Rapids.—
Decided May 19, 1982. Leave to appeal applied for.

Domenic F. Izzo was convicted by a jury in Dickinson Circuit
Court of first-degree criminal sexual conduct and was sentenced
to a prison term of 25 to 40 years, Robert V. Payant, J.
Defendant appeals. *Held:*

1. There was sufficient evidence of "extreme" mental anguish
suffered by the victim of the sexual assault to support defen-
dant's conviction for first-degree criminal sexual conduct under
a personal injury-mental anguish theory.

2. Defendant's double jeopardy arguments are without merit.
Affirmed.

RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — "EXTREME"
MENTAL ANGUISH.

There was sufficient evidence of "extreme" mental anguish to
warrant submission of a first-degree criminal sexual conduct
charge to the jury and to support the defendant's conviction for
that offense where the victim of a sexual assault and witnesses
who observed her after the assault testified as to her mental
condition following the assault and where a jail term the
victim's husband was scheduled to begin serving shortly after
the assault was postponed due to the victim's mental state.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Robert G. Foster,* Prose-
cuting Attorney, and *Thomas C. Nelson,* Assistant
Attorney General, for the people.

*Derrick A. Carter,* Assistant State Appellate
Defender, for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
65 Am Jur 2d, Rape § 88.

Before: D. F. WALSH, P.J., and CYNAR and W. F. HOOD,* JJ.

D. F. WALSH, P.J. Defendant was convicted by a jury of first-degree criminal sexual conduct. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).[1] He was sentenced to a prison term of 25 to 40 years. The sole issue raised on appeal concerns the personal injury requirement of MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). See MCL 750.520a(f); MSA 28.788(1)(f).

Defendant admitted engaging in sexual intercourse with the complaining witness on the evening of June 9, 1977. According to defendant, however, the sexual activity was entirely consensual.

The complaining witness testified that defendant offered her a ride home from work around 10 p.m. on June 9, 1977. She accepted his offer. She was four months pregnant at that time. She testified that defendant drove her to a dirt road and stopped the car. By that time she had started getting nervous and had her hand on the car door handle. All of a sudden defendant lunged at her. She opened the door and jumped out of the car. Defendant came after her, grabbed her and pulled her to the ground. She tried to reason with him, afraid that something would happen to her unborn baby. She screamed. Defendant put his hand over her mouth and nose and started to choke her, telling her to be quiet and threatening to knock her out. She continued to struggle as defendant pulled down her pants and penetrated her with his penis. Defendant left her lying on the ground and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant's original conviction of this charge was reversed in *People v Izzo*, 90 Mich App 727; 282 NW2d 10 (1979), *lv den* 407 Mich 935 (1979). Defendant's second trial ended in a hung jury.

drove off. With regard to her mental state, the complainant testified:

"And I was just crying and hysterical, and I—I'm not sure, but I think I heard him say "Margaret". I'm not really sure. And then he just made a U-turn and took off.

"*Q.* What was your state at that time?

"*A.* I was—I just—I thought it was like a nightmare. It—it was like it hadn't happened, but I was just hysterical, and all I could think of was I wanted to get home to my daughter and my husband. I just couldn't believe that it happened.

"*Q.* Did you have any thoughts at that time about what you wanted to happen?

"*A.* I just wanted to die. I just couldn't believe it."

She walked to the paved road and flagged down a car. The driver took her to the police station, where she reported the incident.

Two days prior to the incident, the complainant's husband had been sentenced, on his plea of guilty, to a charge unrelated to the instant prosecution, to a jail term of four months. Sentence had originally been scheduled to begin on June 11, but was postponed for a few days because the complainant's "head was just so screwed up" due to the June 9 incident with defendant.

The man who drove the complaining witness to the police station on the night of June 9 described her at that time as in distress, speaking disjointed, nervous statements in a shaky voice. She was, according to this witness, going through "mental anguish" when he picked her up.

The police officer who saw the complaining witness upon her arrival at the police station described her as "very upset and very nervous". Her body was shaking. She started to calm down by

the time the investigating officers arrived, although one of those officers also testified that she was very upset. The doctor who examined her about 2-1/2 hours after the incident described her as "moderately distressed".

The statute under which defendant was charged and convicted states that a person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration of another person, causes personal injury to that person, and uses force or coercion to accomplish the sexual penetration. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). "Personal injury" is defined as "bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ". MCL 750.520a(f); MSA 28.788(1)(f).

Defendant contends that there was insufficient evidence of personal injury to the complainant to support his conviction. He argues that, at most, he is guilty of third-degree criminal sexual conduct, which requires sexual penetration accompanied by force or coercion. MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). Upon careful examination of the evidence we are persuaded that sufficient evidence of mental anguish was presented to warrant submission of the first-degree criminal sexual conduct charge to the jury.

In *People v Gorney*, 99 Mich App 199; 297 NW2d 648 (1980), *lv den* 410 Mich 911 (1981), the defendant's plea-based conviction of second-degree criminal sexual conduct was reversed because of an insufficient factual basis. MCL 750.520c(1)(f); MSA 28.788(3)(1)(f). The defendant had been charged with engaging in sexual contact with his stepdaughter, causing personal injury to her, and using force or coercion to accomplish the sexual

contact. With respect to the personal injury requirement, the sole testimony was the defendant's acknowledgment that his stepdaughter had been "upset". On appeal, this Court examined the mental anguish element of personal injury and found that evidence that a victim of sexual assault was "upset" does not satisfy that element. The Court held that the prosecution must show that the complainant suffered "extreme" mental anguish in order to support a conviction under a personal injury—mental anguish theory. The Court identified two factors which may establish extreme mental anguish: the need for psychiatric care or some interference with the victim's ability to conduct a normal life. This list is, of course, not exhaustive but merely illustrative of possibly sufficient aggravating factors. Case-by-case factual analysis is necessary to determine if the requisite aggravating factor or factors have been established. 99 Mich App 199, 207. Accord, *People v Gwinn,* 111 Mich App 223; 314 NW2d 562 (1981).

While we express no opinion as to the general validity of the *Gorney* panel's construction of the mental anguish element, we are persuaded that, even under the *Gorney* standard, the evidence was sufficient to justify submission of the personal injury—mental anguish theory to the jury. See *People v Baker #2,* 103 Mich App 704; 304 NW2d 262 (1981).

In this case, the complainant testified that she was hysterical at the time of her encounter with defendant. She was four months pregnant and concerned about the safety of her unborn child. Those who had contact with her immediately after the incident described her as very upset. While the evidence suggests that she began to calm down as the night wore on, two days later she was still

sufficiently emotionally disturbed by the incident to warrant postponement of the commencement of her husband's jail sentence. This evidence of the complainant's extreme upset at the time of the incident and the residual, albeit perhaps only short term, emotional suffering which she endured was, in our view, sufficient to support defendant's conviction of first-degree criminal sexual conduct under a personal injury—mental anguish theory.

Because we find sufficient evidence of "extreme" mental anguish, we need not address defendant's challenge to the constitutionality of MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). We have also considered the double jeopardy arguments made by defendant in his supplemental brief and find them to be without merit.

Affirmed.