**STATE of Minnesota, Respondent,**

v.

**Clarence MILLER, Appellant.**

**No. CO–85–759.**

Court of Appeals of Minnesota.

Dec. 3, 1985.

degree, Minn.Stat. § 609.343(a) (1984), for having sexual contact with a 12-year old girl. On appeal he contends the trial court committed reversible error in admitting expert testimony that the complainant's allegations were truthful. He also contends the trial court should have compelled the complainant to submit to a psychological examination and that the prosecutor committed prosecutorial misconduct in closing argument. We reverse and remand for new trial.

## FACTS

J.S., 12 years old, and Miller's daughter were called by Miller to his fish house/workshop. Miller sent his daughter away on an errand, grabbed J.S. and kissed her. After Miller's daughter returned the two girls went outside and again were called by Miller who sent out his daughter on another errand. Miller then grabbed J.S., kissed her, and placed his hand down her blouse and squeezed her breast. J.S. told Miller's daughter what happened and the daughter replied, "Oh no, not again." The two girls were called back a third time and after sending his daughter out Miller asked J.S. if she liked him and kissed her.

Six months later, J.S. told her sister about the incident and later reported the incident to her step-mother.

In January 1984 J.S. reported the incident to the school psychologist, adding that after Miller put his hand down her shirt, she resisted, screamed and ran away. The psychologist contacted social services and an employee interviewed J.S. who told her Miller grabbed and kissed her three times and touched her breast on the first occasion. The employee reported to law enforcement officials and a complaint was subsequently filed charging Miller with criminal sexual conduct in the second degree.

At trial Miller's daughter did not remember J.S. telling her that Miller grabbed her. The psychologist, qualified as an expert on psychology and sexually abused children, over objection, gave his opinion that J.S.'s

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Ann L. Carrott, Douglas County Atty., Alexandria, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Clarence Miller was convicted of criminal sexual conduct in the second

report was credible and he believed her. Miller did not testify but called three of J.S.'s classmates who testified to her reputation for being untruthful.

Miller was convicted of criminal sexual conduct in the second degree. He was sentenced to 21 months, execution stayed, and was placed on probation for 15 years.

## ISSUES

1. Did the trial court commit reversible error in admitting expert testimony regarding the truthfulness of the child victim's allegations of sexual contact?

2. Did the trial court err in failing to order the complainant to submit to a psychological examination?

3. Did the prosecutor commit prosecutorial misconduct in closing argument?

## ANALYSIS

■ Miller contends the court committed reversible error in admitting, over objection, the psychologist opinion regarding J.S.' truthfulness. He is correct. This opinion invaded the province of the jury. It is for the jury to make credibility determinations. *State v. Saldana*, 324 N.W.2d 227, 231 (Minn.1982).

In *Saldana*, the supreme court held that an expert's opinion that an adult complainant was a victim of rape and that she had not fantasized the rape was reversible error. In that case, the "expert" was a sexual assault counselor who held a bachelor's degree in psychology and social work and directed the Victim Assistance Program in Mankato. With regard to the expert's opinion that a rape had occurred, the court stated:

> Because the jurors were equally capable of considering the evidence and determining whether a rape occurred, Dreyer's opinion was not helpful. Her testimony was a legal conclusion which was of no use to the jury. Furthermore, the danger of unfair prejudice outweighed any probative value. Dreyer's testimony "gave a stamp of scientific legitimacy to the truth of the complaining witness's

factual testimony." *People v. Izzo*, 90 Mich.App. 727, 730, 282 N.W.2d 10, 11 (1979).

*Id.*

Here, the psychologist did not have such training or experience as would qualify him as an expert on the truthfulness of another's statements. He is a licensed psychologist with a master's degree in psychology who was working as a school counselor and sees about six children. He refers them to social services. That background did not qualify him to make the type of judgment he was asked. In fact, it is a rare person indeed who could qualify to render such an opinion, and then it would only be admitted if the witness whose credibility is in issue is incompetent.

> Once a witness is deemed competent, expert opinions concerning the witness's reliability in distinguishing truth from fantasy are generally inadmissible because such opinions invade the jury's province to make credibility determinations. * * * Expert testimony concerning the credibility of a witness should be received only in "unusual cases." * * * As example of such an unusual case is a sexual assault case where the alleged victim is a child or mentally retarded.

*Id.* (citations omitted).

In *State v. Myers*, 359 N.W.2d 604 (Minn. 1984) the victim of sexual abuse was an eight-year old child. A clinical psychologist with a Ph.D. in psychology and a caseload of 60 familial sexual abuse cases at time of trial, testified that in her opinion the allegations of the eight-year old child were truthful. However that opinion was admitted on the basis that the defendant had waived his right to object to this expert's testimony by "opening the door" in his cross-examination of the complainant's mother, deemed the "ultimate 'expert'" with respect to her victim child. She had expressed her disbelief in her child's complaint that defendant had sexually abused her. That type of testimony validated responsive opinion testimony of another expert. *Myers*, 359 N.W.2d at 611.

The State argues here that *Myers* applies because Miller opened the door by alleging fabrication as a defense and arguing this theory in his opening statement and applying it in cross-examination of the victim. We do not believe that merely by *cross-examining the complainant* Miller has waived his right to object to this expert testimony. Nor was there a waiver when Miller elicited testimony from a child protection worker that J.S. was not sure her father believed the incident had occurred.

The error mandates reversal of Miller's conviction and a new trial. The jury's determination necessarily rested in great part on J.S.' credibility. J.S.' testimony contained some inconsistencies. The psychologist's opinion, as an apparent expert, may well have decided the verdict. For this reason, we reverse and remand for a new trial.

## DECISION

Admission of expert's testimony that complainant in a child sexual abuse prosecution was truthful was reversible error. We need not address appellant's other contentions on appeal.

Reversed and remanded for new trial.