STATE OF NORTH CAROLINA v. DONALD GENE HOLLOWAY

No. 8615SC157

(Filed 19 August 1986)

**Criminal Law § 89.1— indecent liberties with a child—testimony of pediatrician and psychologist that victim truthful—erroneous**

The trial court committed plain error in a prosecution for taking indecent liberties with a child where the child testified to the facts alleged in the indictment; the defendant testified to the contrary and presented evidence tending to show a normal relationship with the child; no one but the child and defendant was present when the alleged offense occurred; the child was not physically injured and did not report the alleged incident to her father and stepmother until more than four weeks later; and two witnesses for the State, a pediatrician and a child psychologist, testified that in their opinion the child had testified truthfully. N.C.G.S. § 8C-1, Rule 702.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 16 September 1985 in Superior Court, CHATHAM County. Heard in the Court of Appeals 10 June 1986.

*Attorney General Thornburg, by Assistant Attorney General John R. Corne, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of taking indecent liberties with his five-year-old stepdaughter in violation of G.S. 14-202.1 and requests a new trial because of inadmissible and prejudicial testimony that was received into evidence against him. The evidence was not objected to, however, and our consideration of the request is controlled by the "plain error" doctrine adopted by our Supreme Court in *State v. Black,* 308 N.C. 736, 303 S.E. 2d 804 (1983) and *State v. Odom,* 307 N.C. 655, 300 S.E. 2d 375 (1983). Under that doctrine a "plain error," which justifies relief on appeal though not objected to in the trial court, is more than an obvious error that adversely affects a defendant. A "plain error" is —

a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,"

or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty." (Emphasis theirs.)

*United States v. McCaskill*, 676 F. 2d 995, 1003 (4th Cir.), *cert. denied*, 459 U.S. 1018, 74 L.Ed. 2d 513, 103 S.Ct. 381 (1982), quoted with approval in both *State v. Black, supra,* and *State v. Odom, supra.*

The evidence erroneously used to convict defendant clearly meets that test in our opinion and we order a new trial. Our decision does not require an extended statement of facts or even a recital of the melancholy and sordid details of the charge involved. It is sufficient to say that: The child testified to the facts alleged in the indictment; the defendant testified to the contrary and presented evidence tending to show a normal relationship between him and the child; no one but the child and defendant was present when the alleged offense occurred; the child was not physically injured and did not report the alleged incident to her father and stepmother until more than four weeks later; and two witnesses for the State, a pediatrician and a child psychologist, testified that in their opinion the child had testified *truthfully*. The evidence did not meet the requirements for expert testimony as it concerned the credibility of a witness, a field in which jurors are supreme and require no assistance, rather than some fact involving "scientific, technical or other specialized knowledge." G.S. 8C-1, Rule 702, N.C. Evidence Code. And as character evidence the testimony violated the provisions of G.S. 8C-1, Rules 405(a) and 608 of the N.C. Evidence Code, as well as the holding in *State v. Heath*, 316 N.C. 337, 341 S.E. 2d 565 (1986). That this grossly improper testimony unfairly affected defendant's trial seems obvious to us. For a jury trial to be fair it is fundamental that the credibility of witnesses must be determined by them, unaided by anyone, including the judge. Yet, though the State's case depended almost entirely upon the child's credibility as a witness, her credibility in the eyes of the jury was inevitably increased, we

believe, by these two learned and prestigious professionals declaring that her testimony was true.

New trial.

Judges WHICHARD and MARTIN concur.