STATE OF NORTH CAROLINA v ANTHONY F. HANNON, Defendant-Appellant

No. 9421SC541

(Filed 4 April 1995)

**Evidence and Witnesses § 2338 (NCI4th)— expert witness— opinion that witness was telling the truth—plain error**

In a prosecution of defendant for second-degree rape and taking indecent liberties with a child where there was no evidence of sexual intercourse other than the testimony of the mentally handicapped prosecuting witness, the trial court committed plain error in allowing a witness whom the court accepted as an expert to express an opinion that the prosecuting witness was telling the truth about having sex with defendant.

**Am Jur 2d, Expert and Opinion Evidence § 244.**

Appeal by defendant from judgment entered 7 October 1993 by Judge W. Steven Allen, Sr. in Forsyth County Superior Court. Heard in the Court of Appeals 20 February 1995.

The alleged victim in this case was a fifteen-year-old trainable mentally handicapped student at South Park High School. Defendant was a teacher's assistant at South Park. The State presented evidence that the victim asked defendant for a ride home from school on 8 November 1990, that defendant took her to McDonald's and then to his apartment, and that defendant then performed vaginal intercourse five times with the victim.

The victim told her mother about the incident when she returned home that evening. The following day the victim received a medical examination at an area hospital. There was no trace of semen in the victim's vagina, and, in all, the medical and physical evidence neither supported nor refuted the prosecuting witness's allegations.

Defendant was tried on charges of second degree rape and taking indecent liberties with a child. The jury found defendant guilty of taking indecent liberties with a child. The trial judge entered judgment, sentencing defendant to seven years imprisonment. From this judgment defendant appeals.

STATE v. HANNON

[118 N.C. App. 448 (1995)]

*Attorney General Michael F. Easley, by Assistant Attorney General Diane G. Miller, for the State.*

*S. Mark Rabil for defendant appellant.*

ARNOLD, Chief Judge.

Dr. Jane Matteson was assistant principal at South Park High School at the time the victim made her allegations. She was called to testify as an expert for the State. The following statements constitute the objectionable portion of her testimony according to defendant.

[Prosecutor]: Based upon your personal dealings with [the victim] and your observations of her for over three years now; is that correct? Do you have an opinion satisfactory to yourself as to her truthfulness or untruthfulness?

[Dr. Matteson]: Yes, I do.

Q:   Could you please tell us that opinion?

A:   [The victim] shows us a very different set of behaviors when she's lying and when she's telling —

[Defense Attorney]: Objection.

THE COURT: Hold on a second. You have to answer the question first.

Q:   Question is what is your opinion as to her truthfulness or untruthfulness?

A:   I think that she shows me very clearly when she is telling the truth and when she is not.

[Defense Attorney]: Objection.

THE COURT: You have to answer his question first. Then you can explain the answer. His question is do you think she's truthful or not?

THE WITNESS: Yes, I think she's truthful.

THE COURT: Now, you can explain.

[Defense Attorney]: Objection to specific instances.

THE COURT: Overruled. You can explain why you have that opinion.

A: The victim] shows us different behaviors when she is lying or when she is telling the truth. She's a very poor liar. She—when she does lie it's evident in how she handles herself. She is usually very defensive and volatile in her personality pattern. She reacts badly. The adults that work with her, and myself in particular because I had as much experience with her in that regard, see that she will get very, very defensive. When you talk through a situation with her, she is ultimately truthful and is regretful of having lied to you, created a scene, created difficulty, and is very, very interested in being back in integrity with you.

If she is telling the truth initially she usually has a lot what I would call a flatter profile. She's not—she's much more calm about it and more matter of fact about whatever it is that she's talking about.

If she's lying it's immediately apparent to us that she's been caught in a lie. And then we work through that process, get to the point where we get to the truth and get the situation resolved. And that's a very predictable pattern with her.

Dr. Matteson had not been tendered as an expert at the time she stated her opinion on truthfulness. She was, however, subsequently tendered and accepted as an expert in mental retardation and the behavior of mentally retarded children.

Defendant argues that Dr. Matteson's testimony was an improper expert opinion on the victim's credibility. After scrutinizing Dr. Matteson's testimony, we believe that instead of giving an opinion on the prosecuting witness's credibility, she was trying to convey to the jury that the victim was telling the truth on this particular occasion. Dr. Matteson's explanation of how she knows when the victim is telling the truth makes sense if we view her testimony in this manner. In effect, Dr. Matteson testified that the victim is telling the truth about having sex with defendant, and this is how I know she is telling the truth. No matter whether we view her testimony this way, or as an opinion on the prosecuting witness's credibility in general, it was error to admit it at trial. See State v. Kim, 318 N.C. 614, 350 S.E.2d 347 (1986); State v. Teeter, 85 N.C. App. 624, 355 S.E.2d 804, disc. review denied, appeal dismissed, 320 N.C.175, 358 S.E.2d 67 (1987) (holding that expert's opinion that she believed the witness and explanation of why she believed witness was inadmissible).

Defendant did not object to this testimony at trial. He asks that we view the admission of this evidence as plain error. Plain error is

error that results in a miscarriage of justice or denies a defendant a fair trial. *State v. Holloway*, 82 N.C. App. 586, 347 S.E.2d 72 (1986) (citing *United States v. McCaskill*, 676 F.2d 995 (4th Cir.), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982). It is fundamental to a fair trial that the credibility of the witnesses be determined by the jury. *Holloway*, 82 N.C. App. at 587, 347 S.E.2d at 73-74. Our Courts have held numerous times that an expert's opinion to the effect that a witness is credible, believable, or truthful is inadmissible. *See State v. Aguallo*, 318 N.C. 590, 350 S.E.2d 76 (1986); *State v. Kim*, 318 N.C. 614, 350 S.E.2d 347 (1986); *State v. Heath*, 316 N.C. 337, 341 S.E.2d 565 (1986). This Court in *Holloway* determined that the admission of such an opinion is plain error when the State's case depends largely on the prosecuting witness's credibility.

In this case there was no evidence of sexual intercourse other than the prosecuting witness's testimony. Therefore, her credibility was of critical importance. Under these circumstances, Dr. Matteson's testimony was unduly prejudicial to defendant because of the influence it had over the jury's determination of credibility. As in *Holloway*, we believe that this opinion on the prosecuting witness's credibility was plain error warranting a new trial.

Although Dr. Matteson had not been tendered as an expert at the time she stated her opinion, it is apparent to us that the court implicitly accepted her as an expert before she stated her opinion. Prior to stating her opinion, Dr. Matteson testified extensively on matters within her field of expertise. The trial judge had also questioned Dr. Matteson on her education and experience before allowing her to answer a line of questioning during direct examination. The foregoing facts indicate that the judge unquestionably accepted Dr. Matteson as an expert. Furthermore, and more importantly, the judge's treatment of Dr. Matteson conveyed to the jury that Dr. Matteson was testifying as an expert.

After reviewing the transcript we cannot say that there is a reasonable possibility that a different result would not have been reached if Dr. Matteson had not stated her opinion on the victim's truthfulness. Defendant is entitled to a new trial.

New trial.

Judges WYNN and MARTIN, John C., concur.