¶ 38. Unlike the majority, I find the trial court committed reversible error when it allowed an expert witness to testify directly to the credibility of the victim's statements over the objection of defense counsel. The majority correctly points out that we do not allow "experts called to testify about behavioral characteristics that may affect an alleged victim's credibility [to] give an opinion of the credibility of a particular witness."Goodson v. State, 566 So.2d 1142, 1153 (Miss. 1990) (citation omitted). While the Goodson Court found this type of testimony inadmissible, it did not reach the issue of whether admission of such testimony constituted reversible error since the Court reversed on other grounds. This Court, now confronted with this issue, reaches the wrong result.
 ¶ 39. A number of our sister jurisdictions have addressed the issue and have found that an expert witness' direct comment, such as the one above, on the credibility, truthfulness or veracity of a child sex abuse victim is reversible error. See State v.Grenier, 257 Conn. 797, 805-06, 778 A.2d 159, 164 (2001);Floray v. State, 720 A.2d 1132, 1135 (Del.Supr. 1998) (expert testimony on credibility does not assist the trier of fact);State v. Doan, 1 Neb.App. 484, 493, 498 N.W.2d 804, 810 (1993) (testimony that child sex abuse victims as a class tend to tell the truth is the equivalent of direct testimony on the credibility of testifying complainant); State v. Foret,628 So.2d 1116, 1127 (La. 1993); State v. Koepsell, 508 N.W.2d 591,594 (S.D. 1993); Yount v. State, 872 S.W.2d 706, 711-12
(Tex.Crim.App. 1993); State v. Batangan, 71 Haw. 552, 558,799 P.2d 48, 52 (1990); State v. Rimmasch, 775 P.2d 388, 406-07
(Utah 1989); Thompson v. State, 769 P.2d 997 (Alaska Ct.App. 1989); Head v. State, 519 N.E.2d 151, 153 (Ind. 1988); Peoplev. Reinhardt, 167 Mich.App. 584, 596, 423 N.W.2d 275, 282
(1988); State v. Bailey, 89 N.C.App. 212, 219, 365 S.E.2d 651,655 (1988); Tingle v. State, 536 So.2d 202, 205 (Fla. 1988);Zabel v. State, 765 P.2d 357, 360 (Wyo. 1988); Commonwealth v.McNeely, 368 Pa.Super. 517, 520, 534 A.2d 778, 779 (1987);People v. Oliver, 745 P.2d 222, 225 (Colo. 1987); State v.Catsam, 148 Vt. 366, 371, 534 A.2d 184, 188 (1987); State v.Brotherton, 384 N.W.2d 375, 378-79 (Iowa 1986) (claiming even indirect testimony on credibility is inadmissible); State v.Jackson, 239 Kan. 463, 470, 721 P.2d 232, 238 (1986); State v.Moran, 151 Ariz. 378, 385, 728 P.2d 248, 255 (1986); State v.Miller, 377 N.W.2d 506, 508 (Minn.Ct.App. 1985); State v.Middleton, 294 Or. 427, 437, 657 P.2d 1215, 1221 (1983).
 ¶ 40. Sister jurisdictions have held as such for a variety of different reasons. One reason is that an expert witness' comment on a sex abuse victim's credibility usurps a critical function of the jury. United States v. Toledo, 985 F.2d 1462, 1470 (10th Cir. 1993) (citing United States v. Scop, 846 F.2d 135, 142 (2d Cir. 1988)). This testimony inherently usurps the jury's traditional role as the judge of credibility in the courtroom.State v. Lindsey, 149 Ariz. 472, 475, 720 P.2d 73, 76 (1986);State v. Myers, 382 N.W.2d 91, 97 (Iowa 1986); State v.Holloway, 82 N.C.App. 586, 587, 347 S.E.2d 72, 73 (1986). This Court has continually held that the jury is the sole judge of a witness' credibility and the weight and worth of their testimony.Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980). SeeHead v. State, 519 N.E.2d 151, 153 (Ind. 1988) (expert testimony on credibility is an invasion of the province of the jury in determining what *Page 859 
weight they would place upon the child's testimony). Detotto's testimony in the present case clearly denied the jury its role as judge of credibility. By stating unequivocally that the victim was credible in relating his story about the sexual abuse he suffered at Hobgood's hands, she eviscerated the jury's determination of that issue.
 ¶ 41. Building on this reason, other courts have found this testimony inappropriate because an impressively qualified expert's opinions will likely prejudice the jury and unduly influence them in their finding of credibility. Toledo,985 F.2d at 1470. "The use of expert testimony presents a risk of overbearing the jury in its deliberative responsibility. The disparate expertise of the witness and the average juror tends to produce a natural inclination to accept the expert testimony as gospel." Dunnington v. State, 740 S.W.2d 896, 898 (Tex.Ct.App. 1987). See also United States v. Azure, 801 F.2d 336, 340 (8th Cir. 1986); Commonwealth v. Seese, 512 Pa. 439, 443-44,517 A.2d 920, 922 (1986); United States v. Barnard, 490 F.2d 907,912 (9th Cir. 1973), cert. denied, 416 U.S. 959, 94 S.Ct. 1976,40 L.Ed.2d 310 (1974). Given the unique position the victim's testimony had in the present case this reason is even more pertinent.
 ¶ 42. The victim did not testify, but his statement was admitted under the tender-years exception. Therefore, the jury was denied the ability to make a firsthand judgment of the victim's credibility and rather had to do so through the filter of other witnesses who repeated his statement. That the victim's statement was repeated by several different witnesses and stood nearly alone as evidence against Hobgood illustrates the prejudice he suffered. Absent Detotto's testimony, it remained the province of the jury to determine the credibility of the victim's statement. However, when Detotto testified that the victim was credible, she created a bedrock foundation for the testimony of every other individual who repeated the victim's statement. Compare that to the minor amount of direct physical evidence that any abuse occurred, much less that the abuse was at the hands of Hobgood, and it becomes clear that Detotto's testimony played a pivotal role in the trial.
 ¶ 43. Another reason for excluding such evidence is that it fails to meet the standard for admissibility of expert testimony because it does not aid the jury in its deliberative functions.Toledo, 985 F.2d at 1470 (citing United States v. Binder,769 F.2d 595, 602 (9th Cir. 1985)); Goodson, 566 So.2d at 1153
(under Rule 702 experts called to testify about behavioral characteristics that may affect an alleged victim's credibilitymay not give an opinion of the credibility of a particular witness); State v. Friedrich, 135 Wis.2d 1, 16, 398 N.W.2d 763,770 (1987); Holloway, 347 S.E.2d at 73 (evidence did not meet the requirements for expert testimony as it concerned the credibility of a witness, a field in which jurors are supreme and require no assistance). Expert opinion testimony admitted under Miss. R. Evid. 702 must be helpful to a determination of the case before it will be admissible. Alexander v. State,610 So.2d 320, 334 (Miss. 1992). The testimony of Detotto did not assist the jury but rather hindered its deliberations. The objectionable testimony did not provide scientific evidence but rather a factual conclusion. The jury was not assisted in determining whether the victim was credible, but was denied its duty because Detotto made that determination for them. Nothing in the above testimony was beneficial to the jury, and its mere utterance caused prejudice. *Page 860 
 ¶ 44. Lastly, and for policy reasons, this testimony is inadmissible because it places Detotto in the role of a human polygraph machine. This Court has held that results of a polygraph are inadmissible. Garrett v. State, 549 So.2d 1325,1330 (Miss. 1989). Therefore, if the admission of polygraph results are not permitted to test a person's credibility then the opinions of an expert witness regarding a witness' credibility should not be admitted. See Goodson, 566 So.2d at 1153. A polygraph is a mechanical instrument, however its results are still an opinion of the person's credibility based on an analysis of biological responses. The polygraph results are themselves meaningless until interpreted by an expert making it the same as an expert's opinion. Detotto's testimony is the same thing; while she possesses advanced degrees and brings with her a human element to the recording of data, the end result is still the analysis of biological responses. Fundamental fairness requires the inadmissibility of her testimony. If a defendant is denied the ability to use the results of a polygraph to exonerate himself, then the State should not be allowed to use a psychotherapist to convict him.
 ¶ 45. For the above-stated reasons, I respectfully dissent.