STATE OF NORTH CAROLINA
v.
KIM KENNETH KOTECKI
No. COA08-1070
Court of Appeals of North Carolina.
Filed May 5, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Joan M. Cunningham, for the State.
Kevin P. Bradley, for defendant-appellant.
JACKSON, Judge.
Kim Kenneth Kotecki ("defendant") appeals his 7 April 2008 conviction of felony cruelty to animals. For the reasons stated below, we hold no error.
On 5 November 2006, defendant was returning home after walking his dog. As he opened the door to his apartment, a kitten ran inside. The kitten ran under his dining table, and when defendant's wife tried to grab the kitten, it hissed, arched its back, and jumped onto her right leg. Defendant managed to get his wife to the front door, with the kitten still attached to her leg. Defendant tore the kitten off of his wife's leg and threw it over his second-floor balcony. Defendant then called EMS. Because the apartment complex was somewhat confusing, defendant decided to wait outside for EMS so that he could "flag them down." When he opened the front door, he saw that the kitten was "up on the bottom half" of the glass screen door. Defendant attempted to get the kitten away by shaking the door, but the kitten scratched him on the hand. Defendant's wife had a knife, which defendant took and "swiped at" the kitten several times.
The kitten either jumped or was thrown from the balcony. He was gasping for air, throwing up blood, his paw had been cut to the point that it was "just hanging off," and the back of his neck and side had been cut. He died within seconds.
On 7 April 2008, a jury found defendant guilty of felony cruelty to animals. He was sentenced with a prior record level IV to a term of eight to ten months in the custody of the Department of Correction; however, that sentence was suspended and he was placed on thirty-six months of supervised probation. Defendant appeals.
Defendant first argues that the trial court committed plain error in failing to submit a separate instruction on self-defense. We disagree.
Ordinarily, a party must have sought, and obtained, a ruling on a matter in order to preserve a question for appellate review. N.C. R. App. P. 10(b)(1) (2007). If the question involves the omission of any portion of the jury charge, the party must have objected before the jury retired to consider its verdict, "stating distinctly that to which he object[ed] and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury." N.C. R. App. P. 10(b)(2) (2007).
However, a criminal defendant may base an assignment of error upon a question which was not preserved at trial by specifically and distinctly contending that the judicial action questioned amounts to plain error. N.C. R. App. P. 10(c)(4) (2007). "A `plain error' is `a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done."'" State v. Holloway, 82 N.C. App. 586, 586, 347 S.E.2d 72, 73 (1986) (emphasis in original) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir.), cert. denied, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982) (citation omitted)).
Defense counsel was given an opportunity to submit a jury instruction on self-defense. Counsel submitted the following for the trial court's consideration:
If the defendant acted in self-defense, his actions are excused; therefore, he is not guilty. The State has the burden of proving the defendant's acts were not in self-defense. The proof must be from the evidence and beyond a reasonable doubt.
Even if you find beyond a reasonable doubt that the defendant caused the death of the cat, the defendant's actions would be justified by self-defense under the following circumstances:
In the matter of use of deadly force against an animal, if the danger to the animals, person or property of the defendant, whose injury or destruction is threatened, be imminent or his safety presently menaced, in the sense that a man of ordinary prudence would be reasonably led to believe that it is necessary for him to kill in order to protect his property, and to act at once, he may defend it, even unto the death of the animal, which is about to attack it.
Even if you are satisfied beyond a reasonable doubt that the defendant committed animal cruelty you may return a verdict of guilty only if the State has also satisfied you beyond a reasonable doubt that the defendant did not act in self-defense. Therefore, if the defendant did not reasonably believe that his action was necessary or apparently necessary to protect himself or another from bodily injury or offensive physical contact, his acts would not be excused or justified in defense of himself or another.
If you do not so find or have a reasonable doubt that the State has proved this, then the defendant's action would be justified by self-defense; therefore, you would return a verdict of not guilty.
This instruction derives from State v. Smith, 156 N.C. 628, 634, 72 S.E. 321, 323 (1911). Counsel also requested  should the trial court not give the suggested instruction  that the trial court give pattern jury instruction 308.4 on self-defense.
At the charge conference, the trial court noted that the proposed instruction did not say anything about the right to continue an attack, to "stab and stab and stab," and indicated a reluctance to give an incomplete self-defense instruction. The trial court also questioned counsel's omission of an instruction on unreasonable force. Counsel responded that he "couldn't figure a way to put the human one in there, with the words of State versus Smith which allow up to the ultimate killing of the animal, which killing of the animal would be the ultimate end."
Ultimately, the trial court elected to incorporate the paragraph from State v. Smith into the instruction on the second element of the crime  that the defendant acted intentionally, that is without justification or excuse  to which decision counsel responded, "That would be fine, Your Honor." Specifically, the trial court instructed as follows:
If the danger to a person whose injury or death is threatened is imminent, or the person's safety presently menaced in the sense that . . . a person of ordinary prudence would be reasonably led to believe that it is necessary for the person to kill in order to protect his or her person, and to act at once, the person may defend . . . him or her self, even unto the death of the animal which is about to attack or is attacking the person.
Defendant now alleges that the following instruction was appropriate:
If the defendant acted in self-defense or in defense of another person, his actions are excused; therefore, he would be not guilty. The State has the burden of proving that the defendant's acts were not in self-defense or in defense of another person. The proof must be from the evidence beyond a reasonable doubt.
Even if you find proven beyond a reasonable doubt the elements of felonious cruelty to an animal or misdemeanor animal cruelty as I am about to instruct you, the defendant's actions would be justified if: (1) The circumstances, at the time that the defendant acted, would cause a person of ordinary firmness to believe reasonably that such action was necessary or apparently necessary to protect himself or another person from bodily injury or offensive physical contact, and (2) The circumstances created such a belief in the defendant's mind  you determine the reasonableness of the defendant's belief from the circumstances appearing to him at the time  and (3) The defendant did not use excessive force  even if the defendant believed that he had the right [to] use force, the amount of force would be limited to reasonable force. The right to use force extends only to such force reasonably appearing necessary to the defendant under the circumstances to protect himself or his wife from bodily injury or offensive physical contact.
Further, if you find that the defendant and his wife were free from fault in bringing on the difficulty and that he and/or his wife were attacked on their own premises, the law imposes on the defendant no duty to retreat before he can justify acting in self-defense or in defense of his wife, but he is entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to secure himself and his wife from all harm. Nevertheless, this would not excuse the defendant if he used excessive force.
However, if you find that the State has proven that the defendant's acts were not in self-defense or in defense of another person only because you find that the force used was excessive under the circumstances reasonably appearing to the defendant at the time  but that the State has not disproven either of the first two elements of self-defense or defense of another person as I have instructed you  that would negate the element of malice so that you would find the defendant not guilty of felonious cruelty to an animal.
And added to the final mandate for felonious cruelty to an animal:
However, even if you are satisfied beyond a reasonable doubt that the defendant otherwise committed felonious cruelty to an animal, you may return a verdict of guilty only if the State has satisfied you beyond a reasonable doubt that the defendant did not act in self-defense or in defense of his wife. Therefore, if the defendant did not reasonably believe that his actions were necessary or apparently necessary to protect himself or his wife from bodily injury or offensive physical contact, his acts would not be excused or justified as self-defense or defense of another person. If you do not so find or have a reasonable doubt that the State has proved this, then the defendant's action would be justified as self-defense or defense of another person; therefore, you would return a verdict of not guilty.
And added to the final mandate for misdemeanor animal cruelty:
However, even if you are satisfied beyond a reasonable doubt that the defendant otherwise committed misdemeanor animal cruelty, you may return a verdict of guilty only if the State has satisfied you beyond a reasonable doubt that the defendant did not act in self-defense or in defense of his wife. Therefore, if: (1) the defendant did not reasonably believe that his actions were necessary or apparently necessary to protect himself and/or his wife from bodily injury or offensive physical contact, or (2) he used excessive force, his acts would not be excused or justified as self-defense or defense of another person. If you do not so find or have a reasonable doubt that the State has proven either of these two things, then the defendant's action would be justified as self-defense or defense of another person; therefore, you would return a verdict of not guilty.
This instruction derives from pattern jury instructions 308.40 (self-defense  assaults not involving deadly force) and 308.10 (self-defense  retreat).
It would appear that appellate counsel figured out what trial counsel could not  how to incorporate the human self-defense instruction into the animal cruelty instruction. However, plain error review is reserved for instances when trial counsel made no effort to advocate for a desired ruling. Here, trial counsel advocated for a jury instruction on self-defense, focusing on the language in State v. Smith. In the alternative, trial counsel sought inclusion of an instruction similar to what appellate counsel has proposed. Trial counsel negotiated with the trial court and agreed with the court's decision to instruct as it did.
"A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443(c) (2005). Therefore, a defendant is "precluded from obtaining relief when the error was invited by his own conduct." State v. Gainey, 355 N.C. 73, 108, 558 S.E.2d 463, 485, cert. denied, 537 U.S. 896, 154 L. Ed. 2d 165 (2002) (citations omitted). "To the extent that defendant agreed with the trial court's manner of instruction, defendant has invited any alleged error, and he may not obtain relief from such error." Id. at 110, 558 S.E.2d at 486 (citations omitted). Accordingly, this argument is without merit.
Defendant also argues that the trial court erred in improperly instructing the jury on the meaning of the word "malice" as used in the cruelty to animals statute. We disagree.
The distinction between misdemeanor cruelty to animals and felony cruelty to animals is whether the defendant acted merely intentionally (misdemeanor) or intentionally and maliciously (felony). N.C. Gen. Stat. § 14-360 (2005). "As used in this section, the word `intentionally' refers to an act committed knowingly and without justifiable excuse, while the word' maliciously' means an act committed intentionally and with malice or bad motive." N.C. Gen. Stat. § 14-360(c) (2005).
The trial court gave the following instruction, pursuant to pattern jury instruction 247.10A (felonious cruelty to animals):
Malice means not only hatred, ill-will, or spite as those terms are ordinarily understood, to be sure, those are malice. But malice also means the condition of mind which prompts a person to intentionally inflict serious harm which proximately results in injury without just cause, excuse, or justification. You may consider this along with all other facts and circumstances in determining whether the Defendant's act was unlawful and whether it was done with malice.
During deliberations, the jury sought clarification. The jury wanted to know if they had to apply "without just cause, excuse, or justification" to the first part about "hatred, ill-will, or spite." The trial court responded that "without just cause, excuse, or justification" modify and relate to "the condition of mind which prompts a person to intentionally inflict serious harm" and did not relate back to "hatred, ill-will, or spite."
Defendant contends that the trial court erred in including "the condition of mind which prompts a person to intentionally inflict serious harm without just cause, excuse, or justification" in the definition of malice, because intentionally injuring an animal without justifiable excuse, without more, is misdemeanor cruelty to animals. However, defendant appears to overlook that portion of the instruction referring to "the condition of mind which prompts a person." This implies more than mere knowingly inflicting injury. Therefore, the trial court did not err in its jury instruction on the meaning of malice.
Because we can discern no error in the jury instruction, plain or otherwise, we hold no error in the trial below.
No error.
Judges STEPHENS and STROUD concur.
Report per Rule 30(e).