STATE OF NORTH CAROLINA v. JOHN THOMAS WEBB, Defendant

No. COA08-806

(Filed 16 June 2009)

## 1. Evidence— expert testimony—truthfulness of child victim

The trial court erred in a taking indecent liberties with a minor case by overruling defendant's objection to expert testimony regarding the truthfulness of the child victim, and the case is remanded for a new trial.

## 2. Discovery— sealed documents—in camera review

A de novo review revealed the trial court erred in a taking indecent liberties with a minor case by denying defendant the opportunity to examine certain sealed documents from the Department of Social Services investigation that may have contained exculpatory evidence because the Court of Appeals reviewed the sealed documents, determined they contained potentially exculpatory evidence, and at the very least, they contained information that might cast doubt on the veracity of one or more State witnesses including the victim and the victim's mother.

## 3. Evidence— expert testimony—veracity of victim's testimony

The trial court erred in a taking indecent liberties with a minor case by allowing the testimony of a Department of Social Services worker concerning whether the claim against defendant was substantiated because expert testimony as to the veracity of the victim's testimony should be excluded.

## 4. Evidence— prior crimes or bad acts—sexual abuse two and three decades ago

The trial court erred in a taking indecent liberties with a minor case by allowing the testimony of two witnesses who alleged that defendant had abused them twenty-one and thirty-one years prior respectively because: (1) although North Carolina courts have been consistently liberal in admitting evidence of similar sex offenses in trials on sexual crime charges, when two or three decades have passed between the incidents, courts must require more similarity between the acts than that the victims were young girls in defendant's care, the incidents happened in his home, and he told the girls not to report his behavior; and (2) while the similarities between the incidents need not be unique and bizarre, the similarity must tend to support a reasonable

inference that the same person committed both the earlier and later acts.

Appeal by defendant from judgment entered 15 November 2007 by Judge Laura J. Bridges in Macon County Superior Court. Heard in the Court of Appeals 14 January 2009.

Melrose, Seago & Lay, P.A., by Nathan J. Earwood, for the defendant.

Attorney General Roy Cooper, by Assistant Attorney General Angenette R. Stephenson, for the State.

ELMORE, Judge.

John Thomas Webb (defendant) was convicted of one count of taking indecent liberties with a minor—specifically, his daughter—pursuant to N.C. Gen. Stat. § 14-202.1 and was sentenced to twenty to twenty-four months' imprisonment. As is so often true with cases of sexual abuse, the only person able to testify directly to the events of the abuse was the victim herself.

I.

[1] One of the arguments defendant makes to this Court is that the trial court erred in overruling his objection to certain expert witness testimony, an error which he argues warrants a new trial. We agree.

Defendant's daughter was referred by her pediatrician to a child psychologist, Dr. Fred List, after exhibiting anger problems. At trial, on direct examination, Dr. List was asked: "In your expert opinion, does [the victim] fit the profile of a child who has been exposed to trauma and sexual abuse?" Defense counsel objected; the trial court overruled the objection and instructed Dr. List to answer. In answer, Dr. List testified:

In my opinion, and in the time that I spent with her, and the manner in which she reported and described things, and her emotional responses, all suggested to me that yes, she had been exposed to trauma. And the manner of her description gave me no reason to doubt that there—make sure I phrase it—I believe that yes, she had been exposed to sexual abuse.

This Court has expressly held that such testimony constitutes error. As we explained in State v. Hannon, "It is fundamental to a fair trial that the credibility of the witnesses be determined by

the jury. . . . [T]he admission of such an opinion is plain error when the State's case depends largely on the prosecuting witness's credibility." 118 N.C. App. 448, 451, 455 S.E.2d 494, 496 (1995) (citations omitted).

A very similar situation occurred in the trial of Donald Gene Holloway, as described by this Court in *State v. Holloway*; there, "two witnesses for the State, a pediatrician and a child psychologist, testified that in their opinion the child had testified *truthfully*." 82 N.C. App. 586, 587, 347 S.E.2d 72, 73 (1986). This Court noted:

> For a jury trial to be fair it is fundamental that the credibility of witnesses must be determined by them, unaided by anyone, including the judge. Yet, though the State's case depended almost entirely upon the child's credibility as a witness, her credibility in the eyes of the jury was inevitably increased, we believe, by these two learned and prestigious professionals declaring that her testimony was true.

*Id.* at 587-88, 347 S.E.2d at 73-74. The Court noted that "[t]he evidence did not meet the requirements for expert testimony as it concerned the credibility of a witness, . . . rather than some fact involving 'scientific, technical or other specialized knowledge.' " *Id.* at 587, 347 S.E.2d at 73 (quoting N.C. Gen. Stat. § 8C-1, Rule 702). The Court concluded that this testimony violated Rules 405(a) and 608 of the North Carolina Rules of Evidence and, as such, a new trial was required. *Id.*; N.C. Gen. Stat. § 8C-1, Rules 405(a), 608 (2007).

The case at hand presents a virtually identical situation: the victim testified as to the alleged acts, and an expert witness commented on her truthfulness. Thus, Dr. List's commentary on the truthfulness of the victim was error, and its admission over objection requires a new trial.

As was true in *Holloway*, "[o]ur decision does not require an extended statement of facts or even a recital of the melancholy and sordid details of the charge involved." 87 N.C. App. at 587, 347 S.E.2d at 73.

## II.

Although, as already stated, this Court orders a new trial based on the above error by the trial court, three of defendant's other assignments of error bear mention by this Court as they will affect the conduct of that new trial.

A.

[2] First, defendant argues that the trial court erred in denying him the opportunity to examine certain sealed documents from the Department of Social Services investigation that may have contained exculpatory evidence. We agree.

Our standard of review on this point is *de novo. State v. Scott,* 180 N.C. App. 462, 463, 637 S.E.2d 292, 293 (2006).

> On appeal, the appellate court is required to examine the sealed records to determine whether they contain information that is favorable and material to an accused's guilt or punishment. "Favorable" evidence includes evidence which tends to exculpate the accused, as well as any evidence adversely affecting the credibility of the government's witnesses. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Thaggard,* 168 N.C. App. 263, 280, 608 S.E.2d 774, 785 (2005) (quotations and citations omitted).

Having reviewed the sealed materials, we find that the trial court's failure to disclose these materials to defendant was error. The sealed records contain potentially exculpatory evidence; at the very least, they contain information that might cast doubt on the veracity of one or more State witnesses, including the victim and the victim's mother. The State is obligated by statute to turn over such evidence, and it was error for the trial court to seal the evidence without allowing defendant to inspect it *in camera. See State v. Kelly,* 118 N.C. App. 589, 593, 456 S.E.2d 861, 866 (1995) (applying standard set out by Supreme Court for such material that new trial is required where disclosure of sealed materials "probably would have changed the outcome of [defendant's] trial").

B.

[3] Next, defendant argues that the trial court erred in allowing the testimony of a Department of Social Services worker, William Bullock, to testify as to whether the claim against defendant was substantiated. As explained in section I of this opinion, this type of testimony—that is, testimony by an expert as to the veracity of the victim's testimony—should be excluded. *See, e.g., State v. Grover,* 142

N.C. App. 411, 413, 543 S.E.2d 179, 181 (2001) ("[W]here 'experts found no clinical evidence that would support a diagnosis of sexual abuse, their opinions that sexual abuse had occurred merely attested to the truthfulness of the child witness,' and were inadmissible." (quoting *State v. Dick*, 126 N.C. App. 312, 315, 485 S.E.2d 88, 90 (1997)). As such, it was error for the trial court to admit the testimony.

## C.

**[4]** Finally, defendant argues that the trial court erred in allowing the testimony of two witnesses who alleged that defendant had abused them twenty-one and thirty-one years prior, respectively. We agree.

"The use of evidence as permitted under Rule 404(b) is guided by two constraints: similarity and temporal proximity." *State v. Artis*, 325 N.C. 278, 299, 384 S.E.2d 470, 481 (1989), *vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990). "[T]he passage of time between the commission of the two acts slowly erodes the commonality between them." *State v. Jones*, 322 N.C. 585, 590, 369 S.E.2d 822, 824 (1988). While it is true that "North Carolina courts have been consistently liberal in admitting evidence of similar sex offenses in trials on sexual crime charges[,]" *State v. Jacob*, 113 N.C. App. 605, 608, 439 S.E.2d 812, 813 (1994), when two or three decades have passed between the incidents, certainly the Court must require more similarity between the acts than what was provided herein—namely, that the victims were young girls in defendant's care, the incidents happened in his home, and he told the girls not to report his behavior. While "the similarities between the two incidents need not be unique and bizarre[,] . . . the similarities simply must tend to support a *reasonable* inference that the same person committed both the earlier and later acts." *State v. Sneeden*, 108 N.C. App. 506, 509-10, 424 S.E.2d 449, 451 (1993) (quotations and citations omitted). Such is not the case here. Admission of this testimony was, therefore, error.

## III.

For the foregoing reasons, we order a new trial.

New trial.

Judges CALABRIA and STROUD concur.